GEORGE W. LONGSTAFF *vs.* FRANK W. HURD.

Third Judicial District, Bridgeport, April Term, 1895. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and ROBINSON, Js.

On an application for the appointment of a receiver for a partnership, under §§ 947 and 1313 of the General Statutes, the only adverse parties are, ordinarily, the other partners who are not applicants; and the provisions as to notice and time of hearing are made solely for their benefit. If all the partners consent that the notice required by the statute be waived, the court may hear and determine such an application forthwith, although the creditors of the partnership are not aware of the pendency of the application.

An application for the appointment of a receiver of a partnership is not an action "intended to affect real estate," within the meaning of § 947, and requiring a notice of the pendency of the action to be filed with the town clerk. The action contemplated by that statute is one whose object and purpose is to determine the title or the rights of parties in, to, or over, some particular real estate which is the subject-matter of the action.

An immediate hearing having been granted by the court upon such an application, and a receiver appointed, the title to the property of the estate vested in him on his appointment; and no attachment lien upon that property can thereafter be acquired by a creditor, although the

creditor has no notice of the application, and though neither the receiver nor the applicant file notice of the pendency of the action with the town clerk. The law will permit no person to incumber property vested in a receiver, so as to defeat or thwart the object and purpose for which he holds it.

[Argued April 30th—decided June 22d, 1895.]

APPLICATION for the appointment of a receiver for a copartnership, brought before the *Hon. F. B. Hall*, a judge of the Superior Court, in Fairfield County, upon whose order a receiver was appointed. Subsequently certain attaching creditors of the partnership filed intervening applications, praying to be made parties to the action, and alleging that the appointment of the receiver was illegal, or, if of any validity, that the receiver's title to the property attached ought to be postponed, or held subordinate, to the title claimed to have been acquired by the respective attaching creditors. The court, *Shumway, J.*, granted the application so far as to make the intervenors parties to the action, and reserved all questions of law arising upon the demurrer of the receiver to the intervenors' prayers for relief, for the advice of this court. *Superior Court advised that the appointment of the receiver was valid; that his demurrer should be sustained; and that the attachments were invalid and should be removed.*

*Charles Sherwood*, for the receiver.

I. The appointment of the receiver by the order of *Judge Hall* was valid. The only objection raised by the applications of the corporations herein is, that the judge heard the application for the appointment of the receiver forthwith, without waiting six days. In this case it was not necessary that the hearing should be six days from the service of the order of notice, as all the parties were either present in person or by counsel, or had waived appearance. The only party in interest was the defendant, Frank W. Hurd, and he accepted service and agreed to an immediate hearing. There was no reason for a delay of six days.

II. Neither the law nor the practice of this State requires that notice of the pendency of an application for the appoint-

ment of a receiver of a copartnership should be filed in the land records.

This is not an action affecting real estate—like the foreclosure of a mortgage—or like an action of ejectment, or an action setting aside a deed—the title is not on trial.

It is an equitable proceeding for the preservation of the property for all the parties interested.

The appointment of a receiver determines no right as between the parties, nor does it affect the title to the property in any way. Beach on Receivers, § 1. Section 947 of the General Statutes does not apply to proceedings for the appointment of receivers. The general rule of *lis pendens* applies. 1 Beach, Modern Equity, § 374, and cases cited in notes; *Murray* v. *Ballou*, 1 John. Ch., 566. An attaching creditor and purchaser with like notice stand on same equitable ground. *Chamberlain* v. *Thompson*, 10 Conn., 254.

III. The title to all the property of the copartnership vested in the receiver immediately upon his appointment, August 16th, at 11:30 A. M. *New Haven Wire Co. Cases*, 57 Conn. 352, 387; *Van Alstyne* v. *Cook*, 25 N. Y., 495.

The title of a receiver when appointed, vests by relation at the time of granting the order, even though he remains out of possession pending the performance of preliminary conditions necessary to qualify him to act. 20 Amer. & Eng. Ency. of Law, 132, 138, and note 1; Beach on Receivers, § 200, also § 168; High on Receivers, 2d Ed., §§ 121 and 136. *Maynard* v. *Bond*, 67 Mo., 315; *Rutters* v. *Talis*, 5 Sandf. Sup. Ct., 610; *Steele* v. *Sturges*, 5 Abb. Pr., 442.

The receiver is the ministerial officer of the court which appoints him, and his possession is exclusively the possession of the court, the property being regarded as in the custody of the court. 20 Amer. & Eng. Ency of Law, 137, 139, note 1, and cases cited; *Colt* v. *Ives*, 31 Conn, 38, 39; *Dugger* v. *Collins*, 67 Ala. 324; Beach on Receivers, § 207; *Hagedon* v. *Bank*, 1 Pinney, 61, 39 Am. Dec. 275; *Walsh* v. *Raymond*, 58 Conn., 254.

Interference with a receiver is contempt of court. Beach on Receivers, § 237; High on Receivers, § 163; *Cook* v.

*Orange*, 48 Conn., 401; *Hyde* v. *Ins. Co.*, 119 Mass., 155. The question of contempt for interfering with property in the custody and possession of the court, has been fully discussed by this court, and may be said to be settled in this State in the case of *Huntington* v. *McMahon*, 48 Conn., 194. See also *Riggs* v. *Whiting*, 15 Abb. Prac. Rep., 388; *Richards* v. *The People*, 81 Ills., 551; *Walling* v. *Miller*, 108 N. Y., 173.

*Goodwin Stoddard*, for unsecured creditors, filed no brief.

*George P. Carroll*, for the intervenors.

I. The intervenors are properly parties to this proceeding, and are in a position to contest the validity of the receiver's appointment and title.  *Jacobson* v. *Landolt*, 73 Wis., 142; *Wiswall* v. *Sampson*, 14 How., 53; *Krippendorf* v. *Hyde*, 110 U. S., 276; *Wolhwend* v. *J. I. Case Threshing Mach. Co.*, 42 Minn., 500; *The New Haven Wire Co. Cases*, 57 Conn., 352; Gen. Stat., §§ 887, 1315.

II. By General Statutes, 1875, p. 482, § 2, it was provided that any member of a dissolved copartnership could apply to a judge of the Superior Court, who then as such judge could " forthwith " appoint a receiver and make all further orders.

The provisions of General Statutes, 1888, § 1313, (first enacted in 1875,) are materially different; they are that the hearing by the court or judge upon the application for the appointment of the receiver shall be at a time " at least six days " subsequent to the service of the order of notice on the defendant.    The changes in the statute were not a mere purposeless change of words.   By providing for an interval of six days, it was made possible for any creditor of the partnership to appear and be heard both as to the necessity and propriety of the appointment and as to the person of the receiver.

Since the provision of §§ 1313 and 1315 relate to the transfer of title, possibly *in invitum*, and are in derogation of the common law, a strict compliance with the requisites of the statute is indispensable to the transfer of title to the receiver.

*Mitchell* v. *Kirkland*, 7 Conn., 229; *Denton* v. *Town of Danbury*, 48 id., 372; *Chipman* v. *City of Waterbury*, 59 id., 496.

III. Under General Statutes, § 947, the plaintiff should have filed in the office of the town clerk a notice *lis pendens*.

Each of the intervenors is an "incumbrancer of the property" within the protection of § 947. They knew nothing about the application to *Judge Hall* at the time of their attachments. And since they had valid liens at the time of attachment, no knowledge acquired subsequently could prevent them from having valid titles by execution, or by the foreclosure of judgment liens. *Carter* v. *Champion*, 9 Conn., 554; *Davenport* v. *Lacon*, 17 id., 278. And title can be completed by filing and foreclosing a judgment lien as well as by levying execution. *Hobbs* v. *Simmonds*, 61 Conn., 235. It is well settled that a valid attachment has priority over the title of a receiver subsequently appointed. *Hubbard* v. *Hamilton Bank*, 7 Met., 340; *In re Waterbury*, 8 Paige Ch., 380; *Minchin* v. *Second Nat. Bank*, 36 N. J. Eq., 436, 442; *Hale* v. *Frost*, 99 U. S., 389; *Georgia* v. *Atlantic & Gulf R. Co.*, 3 Woods, 434; *Second Nat. Bank* v. *N. Y. Silk Mfg. Co.*, 11 Fed. Rep. 535; Gen. Stat., § 1315; *Wilcox* v. *Continental Life Ins. Co.*, 56 Conn., 468. Since the attachments were good as against the receiver's title, judgment liens filed within four months after judgment would be equally valid. The attaching creditors were wise in taking judgment before the sixty days had elapsed from the time of their attachments; for a judgment lien, unlike an attachment lien, is not dissolved by insolvency proceedings. *Beardsley* v. *Beecher*, 47 Conn., 408. A judgment lien may be put on the very day a judgment is taken. *Hobbs* v. *Simmonds*, 61 Conn., 235. It was no concern of the receiver whether the creditors took judgment against the partners or not. His sole business was with the partnership property. In no sense was he the partners' personal successor. *Decker* v. *Gardner*, 124 N. Y., 334, 340. In taking these *bona fide* steps to secure a trial of title, there was no contempt. *Albany City Bank* v. *Schemerhorn*, 9 Paige Ch., 372; *Matter of S.*

*S. T. B. Co.*, 136 N. Y., 176; Beach on Receivers, § 245; 20 Amer. & Eng. Ency. of Law, 142.

TORRANCE, J.   On the 16th of August, 1894, George W. Longstaff of Bridgeport in this State, presented his application to one of the judges of the Superior Court, under the statute, alleging that he and Frank W. Hurd also of Bridgeport, were formerly partners in business in the county of Fairfield; that the partnership had been dissolved; that the partners could not agree upon the disposition of the partnership effects and the settlement of its affairs; and asking said judge to forthwith appoint a receiver to take charge of the partnership property and to dispose of, manage and apply the same, as the Superior Court or any judge thereof might direct.

Hurd waived service of the application upon himself, and both parties agreed that the hearing upon it might be had forthwith.   The hearing was had that same day, and as the result of it, the judge found the allegations of the application to be true, and that the interests of the partners and their creditors required the immediate appointment of a receiver; and thereupon, some time before noon, a receiver was duly appointed.   The receiver accepted the appointment, and duly qualified.

At about five o'clock of the afternoon of the same day (August 16th, 1894), the H. W. Johns Manufacturing Company, a New Jersey corporation, being a creditor of the said copartnership of Longstaff and Hurd, attached certain real estate of said copartnership in Bridgeport in this State, in a suit brought by it against the copartners; and at the same time, Patterson Brothers, a New York corporation, also a creditor of said copartnership, attached real estate of the copartnership in said Bridgeport, in a suit brought by it against said copartners.   Subsequently, in October, 1894, both of said corporations recovered judgment by default in their respective suits aforesaid, and certificates of judgment lien upon the land attached in each suit were duly signed and recorded.   On the 17th of October, 1894, both of said cor-

porations filed applications in the Superior Court to be made parties in the cause of *Longstaff* v. *Hurd*, and subsequently each was duly admitted as a party. In the applications made by these creditors to be made parties, they each alleged in substance the matters already stated, and in addition thereto the following: "No notice of the pendency of said suit for the appointment of a receiver for said copartnership and of its partnership property, at the time of said application, nor since then, has ever been recorded in the land records of said Bridgeport. At the time of said attachment neither said company nor its attorney, nor the magistrate issuing said writ, nor the officers serving the same, knew of the pendency of said application, nor of the making of said order; and said company and its attorneys acted in good faith in making said attachment."

It was further alleged in each of said applications, that said corporations and the attorney acting for them, after being informed of the facts relative to the appointment of the receiver, about the first of September, 1894, believed and still believe that said attachments were valid as against the title of the receiver; and further, that about September 1st, 1894, the attorneys for said companies were requested by the receiver to remove said attachments, but had refused to do so for the reasons set up in the applications.

The corporations, also, in said applications, each prayed that the order appointing a receiver for said copartnership and vesting title in him to the real estate attached by them as aforesaid, together with all subsequent orders, might be rescinded or modified, and that all proceedings based upon said application and orders might be ordered to be discontinued; or, if the above prayer was denied, they prayed that the orders might be so modified that the attachment and judgment liens of said corporations should be prior liens on the real estate attached, and the title of the receiver be held subordinate thereto; and further prayed for leave to make the receiver a defendant in suits to foreclose said judgment liens, if any should be brought.

To each of these applications the receiver demurred, and

Longstaff v. Hurd.

all questions raised by the demurrers were reserved for the advice of this court.

The relief sought by the creditors in each of these applications, is asked for upon two grounds : first, that the appointment of the receiver was void, because it was made forthwith and not at the end of at least six days from the service of an order of notice ; second, that the attachments made by these two creditors are superior to the title of the receiver, because no notice of the proceeding for the appointment of a receiver was filed under § 947 of the General Statutes, and the creditors, at the time said attachments were made, had no notice or knowledge of the appointment or of the pendency of said proceeding.

We think the first point is not well taken. Section 1313 of the General Statutes provides that the court or judge, to whom an application for the appointment of a receiver is made, "shall forthwith appoint a day for the hearing upon the same, and shall make such order relative to notice of such application and hearing to the other partners as may be deemed proper; said hearing to be at least six days from the service of such order of notice."

The claim of these creditors is, that under this section a forthwith appointment of a receiver can never be made under any circumstances ; that the judge must in every case direct notice to be given, and then wait at least six days from the service of such notice, before making the appointment. Such a construction of the statute is clearly untenable.

In an application under this statute, the only adverse parties are ordinarily, as in this case, the other partners who are not applicants ; and the statute provides only for the giving of notice to such "other partners." The provisions as to notice and the time of hearing, are made solely for the benefit of such " other partners ; " and this being so, we see no good reason why they may not waive the benefit of them, and, as was done in this case, ask the judge to have the hearing forthwith. The construction contended for would require the judge to direct notice to be given when all the

parties were already before him, and then to wait six days after service before making an appointment, although all parties in interest asked for an immediate hearing, and the exigencies of the case clearly demanded immediate action. Such a construction, leading to such a useless and unnecessary sacrifice of substance to form, is clearly not warranted, either by the letter or the spirit of the section in question, and we cannot adopt it. We think the appointment was a valid one.

Under the second point, the claim is made that because no notice of the application for the appointment of a receiver was filed under § 947 of the General Statutes, and the creditors had no actual notice or knowledge of its pendency, the attachments are good as against the receiver. Section 947 provides, among other things, that the plaintiff in any action, at the time the action is commenced or afterwards, "if the same be intended to affect real estate, may cause to be recorded in the office of the town clerk of each town in which the property is situated, a notice of the pendency of the action," which is to contain certain enumerated matters; and then provides further as follows: "from the time of recording only, shall the pendency of the action be notice to a purchaser or encumbrancer of the property."

Under this statute notice is required to be filed only in "actions intended to affect real estate"; and we do not think the application for the appointment of a receiver, in cases like the present, is an action intended to affect real estate, within the meaning of the statute. The action contemplated by the statute is one whose object and purpose is to determine the title or the rights of the parties in, to, or over some particular real estate, which is the subject-matter of the action. It probably includes all actions which involve and determine, as between the parties, the title to a specific tract of land, or which are brought to establish any estate, interest, or right of the parties in, to, or over the real estate described in the complaint, or to enforce any lien, charge, or incumbrance upon said real estate.

The application in question was clearly not an action of

this kind. Its subject-matter was not any specific real estate, concerning their title to which, or their rights in which, the copartners were in dispute; it did not ask the court to determine any such title or rights; and in deciding the matters involved in the application, the judge did not, nor could he, decide or in any way determine any such right, title, or interest of the parties to the application.

The mere fact that the statute (§ 1315) " vests " the property of the copartnership, both real and personal, in the receiver on his appointment, does not alter the nature and character of the application; that still remains a proceeding having for its main purpose and object the appointment of a receiver, and not the determination of the rights of the copartners to the property of the copartnership; and when that appointment is either made or refused, the application has substantially performed its office. For these reasons we think the statute (§ 947) is inapplicable in cases of this kind, and that neither the applicant nor the receiver were required to file a notice thereunder.

In the case at bar the attachments were not made until after the receiver was appointed and the property had vested in him, and we think no attachment lien upon that property, valid as against him, could then be acquired. After the law vested in him the property of the copartnership, for the object and purpose contemplated by the statute, it will not permit any party, with or without knowledge that the property has so vested, to incumber it to the prejudice of the receiver, or so as to defeat or thwart the objects and purposes for which he holds it. " The right of a creditor to sequester a portion of the debtor's property by attachment, and thereby gain priority over other creditors, is suspended by the appointment of a receiver. That officer, as the agent of the law, takes from the debtor's possession all his property for division among all creditors in equal proportions. The rights of all creditors are in him as their representative. It is quite unimportant whether the law effects this purpose by the agency of a trustee appointed by the Court of Probate or by a receiver appointed by a court of law. Equally in

either mode, whatever right any creditor could have enforced for his sole advantage, the law will enforce for him and all others in equal proportions." *New Haven Wire Co. Cases,* 57 Conn., 352–387. As against the receiver, therefore, the attachment liens are invalid and should be removed forthwith by the creditors.

Upon the record as it now stands we deem it unnecessary and inexpedient to pass upon the question whether these creditors, upon the facts admitted, were or were not guilty of contempt of court.

The Superior Court is advised that the demurrers filed by the receiver should be sustained; that the appointment of the receiver was a valid one; and that the attachments are invalid as against him, and should be removed forthwith.

In this opinion the other judges concurred.