LEO S. RATICK *v.* RICHARD S. SCALO ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued November 6, 1973—decided January 4, 1974

*Melvin J. Silverman,* for the appellant (plaintiff).

*Abraham B. Beiser,* for the appellee (defendant Atwater Corporation).

SHAPIRO, J.  An action, from which this appeal arose, was instituted in September, 1972, seeking the appointment of a receiver of the defendant Atwater Corporation of Westport and requesting that the defendant Richard S. Scalo be required to transfer to the plaintiff certain shares of capital stock issued by the defendant corporation.  The complaint, in the first count, alleged a dispute between the plaintiff and Scalo regarding certain capital stock issued by the defendant corporation.  The second count alleged in part that the plaintiff is the owner of one-third of the corporation's outstanding shares of stock and that the principal asset of the corpora-

tion is a parcel of real estate situated in the town of Westport. A lis pendens was subsequently caused to be recorded on the Westport land records by the plaintiff affecting the above mentioned real estate. The defendant corporation, on January 23, 1973, made a motion to the court for "an order directing immediate cancellation" of the lis pendens. On February 2, 1973, the court granted the motion. From this action the plaintiff has appealed. The plaintiff assigns as error the conclusion of the court (1) that the action brought by the plaintiff is not one intended to affect real estate and (2) its order directing the plaintiff to cancel the lis pendens.

The issue dispositive of this appeal is whether the trial court erred in granting the defendant's "motion to cancel lis pendens" which was filed by the plaintiff, for the reason that there is no statutory authority which permits such procedure.

"The statutory authority under which a party to a cause of action intended to affect real estate may record in the office of the town clerk of the town where the property is situated a notice of the pendency of the action is § 52-325."[1] *Ravitch* v. *Stollman Poultry Farms, Inc.*, 162 Conn. 26, 30, 291 A.2d 213. The plaintiff in his brief argues that the "filing of a petition for winding up a corporation as in the

[1] "[General Statutes] Sec. 52-325. LIS PENDENS. In any action in a court of this state . . . the plaintiff or his attorney, at the time the action is commenced or afterwards, or a defendant, when he sets up an affirmative cause of action in his answer and demands substantive relief at the time the answer is filed, if the same is intended to affect real estate, may cause to be recorded in the office of the town clerk of each town in which the property is situated a notice of the pendency of the action, containing the names of the parties, the nature and object of the action, the court to which it is returnable and the term, session or return day thereof, the date of the process and the description of the property. Such notice shall, from the time

case here can drastically affect the status of the real estate owned by the corporation. The lis pendens filed on the land records simply put bona fide third parties on notice that the action was brought seeking such a dissolution."

In *Longstaff* v. *Hurd,* 66 Conn. 350, 34 A. 91, an application was made by a partner and granted by a judge of the Superior Court for the appointment of a receiver to take charge of the partnership assets which included real estate. Certain creditors of the partnership sought to be made parties claiming that neither the receiver nor the applicant seeking the appointment of a receiver filed notice of the pendency of the action with the town clerk and that the appointment of the receiver was illegal. The court stated (pp. 358–59) as follows: "Under this statute [§ 947, Rev. 1888, and now § 52-325] notice is required to be filed only in 'actions intended to affect real estate'; and we do not think the application for the appointment of a receiver, in cases like the present, is an action intended to affect real estate, within the meaning of the statute. The action contemplated by the statute is one whose object and purpose is to determine the title or the rights of the parties in, to, or over some particular real estate, which is the subject-matter of the action. It prob-

of the recording only, be notice to any person thereafter acquiring any interest in such property of the pendency of the action; and each person whose conveyance or encumbrance is subsequently executed or subsequently recorded or whose interest is thereafter obtained, by descent or otherwise, shall be deemed to be a subsequent purchaser or encumbrancer, and shall be bound by all proceedings taken after the recording of such notice, to the same extent as if he were made a party to the action. For the purpose of this section an action shall be deemed to be pending from the time of the recording of such notice; provided such notice shall be of no avail unless service of the process is completed within the time provided by law. . . ."

ably includes all actions which involve and determine, as between the parties, the title to a specific tract of land, or which are brought to establish any estate, interest, or right of the parties in, to or over the real estate described in the complaint, or to enforce any lien, charge or incumbrance upon said real estate. The application in question was clearly not an action of this kind. Its subject-matter was not any specific real estate, concerning their title to which, or their rights in which the copartners were in dispute; it did not ask the court to determine any such title or rights . . . ."

In the present case, the action clearly is not "intended to affect real estate" and only if it did does § 52-325 permit the filing of a lis pendens. Here, the action as brought does not seek a determination of the title or the rights of the parties as regards the real estate owned by the defendant corporation. Under these circumstances, the defendant corporation would be entitled to have the lis pendens discharged but only as provided by statute.

The plaintiff makes the claim that the appropriate method of having the lis pendens declared invalid is by petition brought to the Superior Court under § 49-13. This statute is entitled "Petition for discharge of mortgages or of ineffective attachment, lis pendens or lien. Damages." Subsection (c) thereof provides that when record title is encumbered by a lis pendens which "has become of no effect," the owner of the property may bring a petition in the Superior Court seeking a judgment declaring the lis pendens invalid as a lien against such real estate.

Here, as in *Ravitch* v. *Stollman Poultry Farms, Inc.,* supra, we need not pass on the question whether

the court proceeded correctly in entertaining the corporate defendant's motion, for this appeal may be determined on the narrower issue of whether the granting of the motion canceling the lis pendens was grounded on permissible considerations. As we stated in the *Ravitch* case at page 33, the legislature has confined the conditions for the release of a lis pendens to those set forth in General Statutes §§ 52-322, 52-324 and 49-13 (b).[2]

Section 49-13 (b) (now § 49-13 [c]) of the General Statutes, applicable to the present case, provides in pertinent part that when record title is encumbered by a lis pendens which "has become of no effect," the owner of the property may bring a petition to the Superior Court within the county in which the property is situated and, after proper notice and hearing, "if such court finds the . . . lis pendens . . . has become of no effect, the court may render a judgment reciting the facts and its findings in relation thereto and declaring such . . . lis pendens . . . invalid as a lien against such real estate, which judgment shall . . . be recorded in the land records of the town in which such property is situated . . . ."

Here, the court, in granting the motion of the defendant corporation "to cancel lis pendens," could not act summarily on the motion presented to it. The lis pendens could only be released as authorized by statute. The claim made in the motion "that no authority appears in any statute authorizing recording of same in an action of this type" may have merit in view of *Longstaff* v. *Hurd,* supra, and no

---

[2] Public Acts 1971, No. 536, redesignated former subsection (b) of § 49-13, with added language not material here, to its present designation as subsection (c) of § 49-13.

doubt may be utilized in seeking the discharge of the lis pendens, but the procedure used by the defendant here in seeking to have the lis pendens discharged and the granting by the court of the defendant's motion does not meet the essential conditions prescribed by § 49-13 (b) (now § 49-13 [c]).

There is error and the order granting the "motion to cancel lis pendens" is hereby set aside.

In this opinion the other judges concurred.