### State of Connecticut *v.* Anthony Trent

Cotter, C. J., Bogdanski, Peters, Healey and Parskey, Js.

Argued November 4, 1980—decision released January 20, 1981

*Richard Emanuel,* assistant public defender, with whom, on the brief, was *Jerrold H. Barnett,* public defender for the appellant (defendant).

*Ernest J. Diette, Jr.,* assistant state's attorney, with whom, on the brief, was *Donald A. Browne,* state's attorney, for the appellee (state).

Arthur H. Healey, J. The defendant went to trial before a jury under a two count information, each count of which charged him with the crime of

attempted robbery in the first degree in violation of General Statutes §§ 53a-134 (a) (2)[1] and 53a-49.[2] After several witnesses had testified for the state and a four page statement made by the defendant[3] had been admitted as a full exhibit, the defendant withdrew his previously entered not guilty pleas and pleaded guilty to both counts of the information. The pleas were entered pursuant to a plea bargain in which the state agreed to recommend a sentence of five to ten years on each count to run concurrently.[4] Two weeks prior to the time set for sentencing, the defendant moved to withdraw his guilty pleas. The court denied his motion after a hearing and imposed sentence in accord with the agreed recommendation. The defendant has appealed from that judgment.

The defendant's claims on appeal are twofold: (1) the mandatory minimum sentencing provisions

[1] General Statutes § 53a-134 provides in relevant part: "ROBBERY IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of robbery in the first degree when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime: . . . (2) is armed with a deadly weapon . . . ."

[2] General Statutes § 53a-49 provides in relevant part: "(a) A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime he: (1) Intentionally engages in conduct which would constitute the crime if attendant circumstances were as he believes them to be; or (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime. . . ."

[3] In that statement offered by the state, the defendant admitted being at the scene of both robbery attempts but denied any participation in either robbery.

[4] During the canvass of the guilty pleas, the court questioned the defendant about the maximum authorized terms of imprisonment for a class B felony, which the defendant knew was twenty years. At that time, the defendant also indicated to the court that he was pleading guilty pursuant to the plea bargain, knowing that the state would recommend concurrent sentences of five to ten years.

of General Statutes § 53a-35[5] are not applicable to a conviction for the crime of attempted robbery in the first degree and (2) his guilty pleas were neither voluntarily nor knowingly entered because he was erroneously advised concerning the consequences of a conviction for attempted robbery in the first degree.

We note that the defendant raised neither of these claims in the trial court. Claims not raised in the trial court will not ordinarily be considered by this court. *State* v. *Hauck,* 172 Conn. 140, 148, 374 A.2d 150 (1976); *State* v. *Evans,* 165 Conn. 61, 69, 327 A.2d 576 (1973). The defendant claims, however, that he received erroneous information concerning the mandatory sentence for the crimes to which he pleaded guilty and that this allegedly erroneous information may well have had a "coercive effect" on his decision to change his plea from

---

[5] General Statutes § 53a-35 provides in part: "IMPRISONMENT FOR FELONY: INDETERMINATE; MAXIMUM AND MINIMUM SENTENCES. (a) A sentence of imprisonment for a felony shall be an indeterminate sentence, except as provided in subsection (d). When such a sentence is imposed, the court shall impose a maximum term in accordance with the provisions of subsection (b) and the minimum term shall be as provided in subsection (c) or (d). . . . (c) Except as provided in subsection (d) the minimum term of an indeterminate sentence shall be fixed by the court and specified in the sentence as follows: . . . (2) [F]or a class B, C or D felony the court may fix a minimum term of not less than one year nor more than one-half of the maximum term imposed, except that (A) where the maximum is less than three years the minimum term may be more than one-half the maximum term imposed or (B) when a person is found guilty under section 53a-59 (a) (1), section 53-59a, 53a-101 (a) (1) or 53a-134 (a) (2), the minimum term shall be not less than five years and such sentence shall not be suspended or reduced, or when a person is found guilty under section 53a-60c, the minimum term shall be not less than three years and such sentence shall not be suspended or reduced, or when a person is found guilty under section 53a-60b, the minimum term shall be not less than two years and such sentence shall not be suspended or reduced . . . ."

not guilty to guilty. In short, he alleges that his guilty pleas were not entered voluntarily and intelligently. Despite the defendant's failure to raise these claims below, his allegations raise issues of constitutional dimension and we find that they come within the "exceptional circumstances" rule of *State* v. *Evans,* supra. We refer to the second "exceptional circumstances" in *Evans* which allows review where the record is sufficiently complete for us to consider the claim on the merits and the claim involves a fundamental constitutional right. See *State* v. *Godek,* 182 Conn. 353, 356, 438 A.2d 114 (1980), cert. denied, 450 U.S. 1031, 101 S. Ct. 1741, 68 L. Ed. 2d 226 (1981); *State* v. *Vasquez,* 182 Conn. 242, 245–46, 438 A.2d 424 (1980); *State* v. *Evans,* supra, 70. While the record is not sufficiently complete for us to review both issues in their entirety, we extend review insofar as the record permits.

The defendant first claims that the mandatory minimum sentencing provisions of General Statutes § 53a-35 are not applicable to a conviction of attempted robbery in the first degree. We do not agree. In pressing this claim, the defendant emphasizes that it is vital to note that he was not charged with the substantive offense of robbery in the first degree, in violation of § 53a-134 (a) (2), but with the inchoate offense of criminal attempt, i.e., § 53a-49. He argues that this distinction is critical because under our statutory scheme an attempt to commit a crime is an offense separate and distinct from the substantive offense which is the object of the attempt. Therefore, he continues, because an attempt is classified as a crime "of the same grade and degree as the most serious offense which is attempted"; General Statutes § 53a-51; it is punishable in its own right, and since the offense

attempted was a class B felony; General Statutes § 53a-134 (b); he became subject to those penalties authorized for class B felonies; see § 53a-35; but not for any mandatory minimum sentence provided in § 53a-35. He concludes therefore that he should have been sentenced under that portion of § 53a-35 (c) (2) which provides: "for a class B . . . felony the court may fix a minimum term of not less than one year nor more than one-half of the maximum term imposed . . ." and not under the portion of § 53a-35 (c) (2) which carves out an exception to that provision and states, "except that . . . (B) when a person is found guilty under section . . . 53a-134 (a) (2) [i.e., robbery in the first degree with a deadly weapon], the minimum term shall be not less than five years and such sentence shall not be suspended or reduced . . . ." The applicable law does not permit, let alone require, such statutory construction here.

The basic rule of statutory construction requires us to ascertain the intention of the legislature and to construe the statute in a manner that effectuates that intent. See *State* v. *Campbell,* 180 Conn. 557, 561, 429 A.2d 960 (1980); *Green* v. *Warden,* 178 Conn. 634, 637–38, 425 A.2d 128 (1979); *Hurlbut* v. *Lemelin,* 155 Conn. 68, 73, 230 A.2d 36 (1967). The intention of the legislature is found not in what it meant to say, but in the meaning of what it did say. *Colli* v. *Real Estate Commission,* 169 Conn. 445, 452, 364 A.2d 167 (1975); see *Hartford Electric Light Co.* v. *Water Resources Commission,* 162 Conn. 89, 98, 291 A.2d 721 (1971); *State* v. *Briggs,* 161 Conn. 283, 286, 287 A.2d 369 (1971). Where the statutory language is plain and unambiguous, intent is to be ascertained from the

language of the statute itself. *Houston* v. *Warden,* 169 Conn. 247, 251, 363 A.2d 121 (1975); *Hurlbut* v. *Lemelin,* supra, 73.

Our statutes on the subject of attempt are found in our Penal Code under that part entitled "Inchoate Offenses." See General Statutes c. 952, part 3, §§ 53a-48 through 53a-51. The term "inchoate" means "imperfect; partial; unfinished; begun, but not completed." See Black's Law Dictionary (5th Ed.). Section 53a-49, which defines "criminal attempt," embodies the "begun but not completed" rationale indigenous to an inchoate offense. Under our statutory scheme a person cannot be charged with an attempt to commit a crime, i.e., § 53a-49, without being informed against of the substantive crime which is the object of the attempt. It follows that to charge properly an attempt to commit first degree robbery, both the attempt statute, i.e. § 53a-49, and the substantive crime alleged to have been attempted must be, as they were in this case, alleged in the information.

Considerable variation is to be found among the various states concerning the authorized penalties for attempt. See LaFave & Scott, Criminal Law, c. 6, § 61, p. 452; see also Perkins, Criminal Law (2d Ed.), c. 6, p. 553. For example, some attempt statutes provide for a sentence of up to one-half the maximum penalty for the completed crimes, with an exception for more serious offenses; see, e.g., Cal. Penal Code Ann. § 664 (Deering 1980); Minn. Stat. Ann. § 609.17 (1980); others set maximum penalties for attempts encompassed by a general attempt statute. See, e.g., Mass. Ann. Laws, c. 274, § 6 (1980); see generally LaFave & Scott, supra, pp. 452–53.

Our statute, § 53a-51, provides that attempt is a crime of the same grade and degree as the most serious offense which is attempted. Like other states adopting codes patterned on the Model Penal Code, this statute followed the recommendation of the American Law Institute that attempts to commit crimes (other than felonies of the first degree)[6] should be graded as seriously as the corresponding substantive offense. See, e.g., N. H. Rev. Stat. Ann. § 629.1, paragraph 4 (Supp. 1979); Pa. Stat. Ann., title 18, § 905 (1980). The language of § 53a-51 making attempt a crime "of the same grade and degree as the most serious offense which is attempted . . ." discloses that the legislature intended the specific sentencing structure prescribed for that crime which was the object, albeit unsuccessful, of the attempt. This language demonstrates that careful selectivity of language by the legislature that points unerringly to the conclusion that the sentence for an attempt to commit a crime was to be prescribed in accordance with the sentencing parameters delineated for the substantive crime which was the object of the attempt. In this case that includes the mandatory minimum sentences dictated by § 53a-35 (c) (2) (B). Moreover, since the legislature must be presumed to have acted with existing relevant statutes in mind, and with the intention of creating a consistent body of law; *Smith* v. *Board of Zoning Appeals,* 174 Conn. 323, 327, 387 A.2d 542 (1978); *Rustici* v. *Stonington,* 174 Conn. 10, 15, 381 A.2d 532 (1977); see 2A Sutherland, Statutory Construction § 51.02; our conclusion

---

[6] Section 53a-51 provides that "[a]ttempt and conspiracy are crimes of the same grade and degree as the most serious offense which is attempted or is an object of the conspiracy, *except that an attempt or conspiracy to commit a class A felony is a class B felony.*" (Emphasis added.)

is supported by the fact that the provision in § 53a-35 providing for mandatory minimum sentencing for violations of § 53a-134 (a) (2) was passed by our legislature two years after the passage of § 53a-51.[7] Our conclusion recognizes that although penal statutes are to be construed strictly; see *State* v. *DeMartin,* 171 Conn. 524, 544, 370 A.2d 1038 (1976); *State* v. *Cataudella,* 159 Conn. 544, 555, 271 A.2d 99 (1970); they " 'ought not to be construed so strictly as to defeat the obvious intention of the legislature.' " *Huddleston* v. *United States,* 415 U.S. 814, 831, 94 S. Ct. 1262, 39 L. Ed. 2d 782 (1974).

The defendant's second claim, which appears two-pronged, is that his guilty pleas were neither voluntarily nor knowingly entered because he was erroneously advised concerning the consequences of a conviction for attempted first degree robbery. This contention lacks merit and requires little discussion. As discussed above, the defendant was not, as he asserts, erroneously advised concerning the mandatory minimum sentence for the crimes to which he pleaded guilty. At the time of sentencing his attorney stated that he had already explained to the defendant that the minimum sentence was mandatory. Moreover, the court, in addressing the defendant at that time, clearly indicated to him that the sentence was mandatory.[8]

[7] General Statutes § 53a-51 was passed by the legislature in 1969 as part of Public Act No. 828. General Statutes § 53a-35 (c) (2) (B), which provides for mandatory minimum sentencing for violations of § 53a-134 (a) (2) was passed in 1971 as part of Public Act No. 871.

[8] The defendant was not unacquainted with the criminal justice system. At the time of sentencing, the state's attorney, in addressing the court, noted that the defendant had a number of previous convictions. The state's attorney stated: "I believe I counted seven previous convictions beginning in 1972 for a variety of crimes involving the crime of either assault, thievery of one type or another or being a burglar or larceny."

A "separate but related claim" is also made by the defendant. He contends that even if § 53a-35 (c) (2) (B) required the imposition of mandatory minimum sentences, the minimum five-year sentence was mandated if, and only if, the trial court first determined that a term of incarceration was the appropriate form of sentence. To state it another way, he argues that the mandatory sentencing provision does not preclude the imposition of sentences other than incarceration, and, therefore, his pleas could not have been voluntary and knowing unless he was first advised of his other sentencing alternatives.[9] Although we have reviewed the defendant's other claims because they fell within one of the exceptions noted in *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973), the record is not sufficiently complete for us to be able to review this claim. Accordingly, we do not do so. We reach this conclusion quite apart from the fact that he was sentenced precisely in accordance with the plea bargain agreement to which he had agreed.

There is no error.

In this opinion the other judges concurred.

---

[9] The defendant claims that quite apart from any term of imprisonment, he could have been given a fine of up to ten thousand dollars; see General Statutes § 53a-28 (b) (3); or a sentence of unconditional discharge. See General Statutes §§ 53a-28 (b) (8), 53a-29 (b), 53a-34 (a).