JOHN R. STRATTON *v.* DONALD L. WARD ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE NO. 29851
TOLLAND

Memorandum filed December 1, 1983

*Kathleen Stingle,* for the plaintiff.
*Bruce D. Tyler,* for the named defendant.
*William Flagg,* pro se.

KELLY, J. The plaintiff, John R. Stratton, has brought suit against the defendants Donald L. Ward, owner of a business known as the Hole-N-Wall Bakery, and William Flagg, the real estate agent for Ward, seeking rescission of an agreement signed by all the parties for the purchase of the bakery business and its equipment and for the lease of the premises situated in Somersville. In addition, the plaintiff is seeking restitution of all sums paid to the defendants in connection with this transaction and damages. At the same time the writ, summons and complaint were served, the plaintiff recorded on the land records of the town of Somers a notice of lis pendens pursuant to General Statutes § 52-325 et seq. The notice of lis pendens was, thereafter, duly served on the defendants.

Subsequently, the defendant Ward filed with the court a motion for discharge of invalid notice of lis pen-

dens, as provided by General Statutes § 52-325d, alleging that the lis pendens is not intended to affect real property.

General Statutes § 52-325 (a) allows a party to an action to have recorded on the land records a notice of lis pendens, provided "the action is intended to affect real property." The quoted phrase is defined in General Statutes § 52-325 (b) in the following manner: "(b) As used in this section, actions 'intended to affect real property' means (1) actions whose object and purpose is to determine the title or rights of the parties in, to, under or over some particular real property; (2) actions whose object and purpose is to establish or enforce previously acquired interests in real property (3) actions which may affect in any manner the title to or interest in real property, notwithstanding the main purpose of the action may be other than to affect the title of such real property." This subsection was added by Public Acts 1981, No. 81-8, after the Connecticut Supreme Court struck down the lis pendens statute as unconstitutional in *Kukanskis* v. *Griffith,* 180 Conn. 501, 509–10, 430 A.2d 21 (1980). The constitutionality of the revised statute was recently considered by the court and upheld. *Williams* v. *Bartlett,* 189 Conn. 471, 457 A.2d 290, appeal dismissed, 464 U.S. 801, 104 S. Ct. 46, 78 L. Ed. 2d 67 (1983).

The actions described in General Statutes § 52-325 (b) (1) and (2), cited above, are essentially a codification of the definition the Supreme Court had given to the phrase "intended to affect real estate" in its interpretation of the old statute. *Ratick* v. *Scalo,* 165 Conn. 675, 677–78, 345 A.2d 26 (1974); *Longstaff* v. *Hurd,* 66 Conn. 350, 358, 34 A. 91 (1895). General Statutes § 52-325 (b) (3), however, is an entirely new definition of the phrase which was included within the 1981 Public Acts and, as such, has not yet been the subject of interpretation by our highest court.

General Statutes § 1-1 provides that in construing statutes, words and phrases are to be given their ordinary meaning. "The intention of the legislature is found not in what it meant to say, but in the meaning of what it did say." *Colli* v. *Real Estate Commission,* 169 Conn. 445, 452, 364 A.2d 167 (1975). "Where the statutory language is plain and unambiguous, intent is to be ascertained from the language of the statute itself." *State* v. *Trent,* 182 Conn. 595, 599–600, 438 A.2d 796 (1981).

Subsection (b) (3) of § 52-325 of the General Statutes authorizes the recording of a notice of lis pendens in any action "which may affect *in any manner* the title to or interest in real property, notwithstanding the main purpose of the action may be other than to affect the title of such real property." (Emphasis added.) Although the cause of action in this case is one for rescission of a purchase agreement and for damages, the agreement itself included a provision calling for the plaintiff to lease the premises upon which the bakery is located for a term of years at a specified monthly rent. A determination by the court of whether the agreement should be rescinded or abided by and, therefore, whether the lease will be invalidated, will affect, in some manner, the interest that both parties have in the real estate on which the bakery is situated. Although a lease contains characteristics common to both real and personal property and has come to be interpreted and construed according to principles of contract law, it is still an interest in land. *Robinson* v. *Weitz,* 171 Conn. 545, 551, 370 A.2d 1066 (1976) (a lease is a contract); *Monarch Accounting Supplies, Inc.* v. *Prezioso,* 170 Conn. 659, 663, 368 A.2d 6 (1976) (a lease transfers an estate in real property to a tenant for a stated period, with a reversion in the owner after the expiration of the lease); *Jo-Mark Sand & Gravel Co.* v. *Pantanella,* 139 Conn. 598, 601, 96 A.2d 217 (1953);

*In re Edgewood Park Junior College, Inc.,* 123 Conn. 74, 77, 192 A. 561 (1937) (a lease is primarily a conveyance of an interest in land); see also Tucker, "Two Aspects of Judicial Innovation and Evolving Social Change," 48 Conn. B.J. 199, 201, 205 (1974); 51C C.J.S., Landlord and Tenant § 26. Accordingly, the court concludes that this action is one "intended to affect real estate" within the purview of the lis pendens statute and, therefore, the defendant's motion for discharge of the lis pendens is denied.