[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR DISCHARGE OF LISPENDENS AND NOTICE DATED APRIL 3, 1998
Defendant Still Hill Development Corporation has moved for discharge of a lis pendens and notice recorded on the Town of Glastonbury land records in connection with the above consolidated matters.
In summary, Still Hill is the owner of condominium units being constructed and to be constructed at the South Mill Village Condominium Complex in South Glastonbury, Connecticut. Following a hearing, the undersigned judge recently issued a memorandum of decision on plaintiff's application for prejudgment remedy granting a prejudgment remedy in this case in the amount of $186,131.44, in connection with various units at South Mill Village.
In the instant matter, plaintiff has recorded on the land records a lis pendens dated March 27, 1998, and marked as Defendant's Exhibit A at the April 28, 1998, hearing held in this case. Plaintiffs have also recorded on the land records a document marked Defendant's Exhibit B, entitled "Notice to Potential Purchasers of New Units at South Mill Village," dated March 27, 1998.
Pursuant to an April 3, 1998 Motion For Discharge of Lis CT Page 6177 Pendens and Notice, the defendant in this matter has moved to discharge the lis pendens and notice. In its motion, its April 27, 1998 memorandum in support, and at oral argument on April 28, 1998, defendant puts forth a number of arguments. Defendant argues that the lis pendens and notice were not recorded in connection with a suit or action which affects the title to real property. Defendant also argues that the lis pendens was not served on the owner not later than 30 days after being recorded, as required by Connecticut General Statutes § 52-325(c). Defendant contends as well that the lis pendens is defective in other respects.
Plaintiff has filed a May 5, 1998, Memorandum of Law in opposition to Motion for Discharge. Making reference to various provisions of the Common Interest Ownership Act, Connecticut General Statutes Sections 47-200 et seq. (the "Act"), and noting that the declarant reserved certain "development rights," plaintiff contends that the action is an action intended to affect real property pursuant to § 52-325. Plaintiff also argues that defendant had actual notice of the recording of the lis pendens although service may not have been made as required by statute.
Having considered the arguments of both sides, the Motion to Discharge is hereby granted for the following reasons.
General Statutes § 52-325 et seq. are the relevant provisions of law which must be initially considered. Section52-325 provides that a party may cause to be recorded a notice of lis pendens in any action "intended to affect real property." Section 52-235 (b) states that an action "intended to affect real property" means:
 (1) actions whose object and purpose is to determine the title or rights of the parties in, to, under or over some particular real property;
 (2) actions whose object and purpose is to establish or enforce previously acquired interests in real property;
 (3) actions which may affect in any manner the title to or interest in real property, notwithstanding the main purpose of the action may be other than to affect the title of such real property. CT Page 6178
As noted in Stratton v. Ward 39 Conn. Sup. 195, 197 (1983), the language of subsection (b)(3) is extremely broad. Section (b)(1) defines actions "intended to affect real property" to include actions whose object and purpose (emphasis added) is to determine the title or rights of the parties in, to, under, or over some particular real property. As the plain language indicates, the focus of (b)(1) is the objection and purpose of the action, not the likelihood of success. The same is true as to section (b)(2). Section (b)(3) defines actions "intended to affect real property" very broadly to include actions which "may
affect in any manner the title to or interest in real property, notwithstanding that the main purpose of the action may be other than to affect the title of such real property." (Emphasis added.) General Statutes Section 1-1 provides that words and phrases are to be given their ordinary meaning in construing statutes. Here, the language of the statute is plain and unambiguous in its usual breadth. State v. Trent, 182 Conn. 595,599-600 (1981); Ratick v. Scalo, 165 Conn. 675, 677-78 (1974).
Notwithstanding the broad and inclusive language of the statute, it has been consistently held that actions which seek solely monetary damages do not affect title to property and should not be viewed as intending to affect title to property under the statute. Garcia v. Brooks Street Association,209 Conn. 15, 22 (1988); see also Pieretti v. Silk (Walsh, J. January 8, 1993); Quail Run Village v. Benedetto, (Arena, J, March 10, 1992).
Review of the complaint in these consolidated cases indicates that these cases concern a dispute between a Condominium association and a developer over alleged construction defects, including defective roofs and roads. See Memorandum of Decision on Plaintiff's Application for Prejudgment Remedy dated April 27, 1998. Putting aside the standard general request for any "other relief the court deems appropriate," the only relief requested in the complaint is for money damages. I have reviewed and considered the plaintiff's arguments, see Plaintiffs' Memorandum of Law dated May 5, 1998, at pages 7-16, and am not persuaded by them. The instant cases do not allege breaches of the Act's disclosure requirements. Nor do the instant cases — which plaintiff refers to as Lawsuit I — seek to enjoin declarant from exercising his development rights. Under the circumstances, I am unable to conclude that the instant consolidated cases can be viewed as actions intended to affect real property as defined in Section 52-235(b). CT Page 6179
In light of this conclusion, I see no need to consider defendant's other arguments as to the alleged defectiveness of the lis pendens, including the failure to serve it in a timely fashion.
Turning to Defendants' Exhibit B, "Notice to Potential Purchasers of New Units at South Mill Village,"[1] plaintiff concedes that the recording of such a notice is not explicitly authorized by the lis pendens statutes, Sections 52-325 et seq., or any statute, for that matter. But neither is the recording of such a notice prohibited, plaintiff argues. Moreover, plaintiff claims that the recording of such a notice is implicitly appropriate pursuant to relevant provisions of the Common Interest Ownership Act, Sections 47-200 et seq., — specifically, Section 47-263 — which, among other things, require a declarant before offering any interest in a unit to the public to prepare a public offering statement containing certain disclosures. Plaintiff claims defendant has failed to make required disclosures. Plaintiff argues that recording of the notice on the land records was appropriate because the Association could incur liability in connection with the sale of new units, and because the recording of the notice was the best way to give notice to potential buyers, and the world, of the alleged problems with the construction of the units and other common areas. Plaintiff notes that the law of our state recognizes several classes of instruments which may properly be recorded the land records.
Plaintiff's arguments as to the recording of the notice are creative, but they are ultimately unpersuasive as to the instant matter. Given that explicit statutory authorization for the filing of a lis pendens exists, the absence of such an explicit statutory basis for the recording of a free-standing notice such as Exhibit B suggests such notices are not authorized and ought not to be countenanced. Permitting the recording of such statements would necessitate permitting the filing of responses. The land records ought not to become the repository for such recitations — or others — absent explicit statutory authorization or long-recognized and unquestioned practice, such as exists with respect, e.g., to the filing of caveats by municipalities, see Hartford Savings Loan v. Lenczyk.153 Conn. 457, 463 (1966). Moreover, Section 47-278 provides specified remedies for persons adversely affected by a declarant's failure to comply with pertinent provisions of the Common Interest CT Page 6180 Ownership Act. Nothing in that section or any section of the Act sanctions the filing of a notice in the land records. Of course, if the legislature believes the recording of such notices on the land records is appropriate, it may amend the law to explicitly approve such a practice.
I conclude, therefore, that there is presently no statutory basis, or long-recognized and unquestioned practice, authorizing the recording of such a notice in the land records and that, like the lis pendens, it should be discharged.
Consequently, the application to discharge the lis pendens and the notice is granted pursuant to Section 52-325a(c). To that and, I have signed the draft order of discharge dated April 27, 1998, filed by defendant.[2]
Douglas S. Lavine Superior Court Judge