[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION FOR DISCHARGE OF NOTICE OF LIS PENDENS
Before the court is an Application for Discharge of Notice of Lis Pendens on a parcel of real property owned by the Fioravante G. Perrotta, and located on River Road in the town of Essex, Connecticut.
The parties in this matter are owners of abutting real properties. Prior to the filing of the Application for Discharge of Notice of Lis Pendens, Coveland Farms, Inc., Et Al. commenced an action in the Connecticut Superior Court, Judicial District of Middlesex, at Middletown. The case bears the docket number CV 02 0099532. The Complaint in said action is brought in four counts and seeks damages and equitable relief. The plaintiffs rely on the claims of this complaint as the basis for the filing of the Notice of Lis Pendens that is the subject of the Application for Discharge of Lis Pendens.
Section 52-325 of the Connecticut General Statutes concerns notices of us pendens. This statute provides in pertinent part that:
(a) In any action in a court of this state or in a court of the United States (1) the plaintiff or his attorney, at the time the action is commenced or afterwards, or (2) a defendant, when he sets up an affirmative cause of action in his answer and demands substantive relief at the time the answer is filed, if the action is intended to affect real property, may cause to be recorded in the office of the town clerk of each town in which the property is situated a notice of lis pendens, containing the names of the parties, the nature and object of the action, the court to which it is returnable and the term, session or return day thereof, the date of the process and the description of the property, except that no such notice may be recorded in an action that alleges an CT Page 13572 illegal, invalid or defective transfer of an interest in real property unless the complaint or affirmative cause of action contains the date of the initial illegal, invalid or defective transfer of an interest in real property and such transfer has occurred less than sixty years prior to the commencement of such action.
 Such notice shall, from the time of the recording only, be notice to any person thereafter acquiring any interest in such property of the pendency of the action; and each person whose conveyance or encumbrance is subsequently executed or subsequently recorded or whose interest is thereafter obtained, by descent or otherwise, shall be deemed to be a subsequent purchaser or encumbrancer, and shall be bound by all proceedings taken after the recording of such notice, to the same extent as if he were made a party to the action . . .
(b) As used in this section, actions "intended to affect real property" means (1) actions whose object and purpose is to determine the title or rights of the parties in, to, under or over some particular real property; (2) actions whose object and purpose is to establish or enforce previously acquired interests in real property; (3) actions which may affect in any manner the title to or interest in real property, notwithstanding the main purpose of the action may be other than to affect the title of such real property.
(emphasis added)
The defendant in this action is seeking a discharge of the Notice of Lis Pendens that was filed by the plaintiffs in this matter. Section 52-325a concerns applications for the discharge of a Notice of Lis Pendens. This statute provides that:
(a) Whenever a notice of lis pendens is recorded against any real property pursuant to subsection (a) of section 52-325, the property owner, if the action has not then been returned to court, may make application, together with a proposed order and summons, to the superior court for the judicial district to which the action is made returnable, or to any judge thereof, that a hearing or hearings be held CT Page 13573 to determine whether such notice of lis pendens should be discharged. The court or judge shall thereupon order reasonable notice of such application to be given to the plaintiff and shall set a date or dates for the hearing or hearings to be held thereon. If such plaintiff is not a resident of this state such notice shall be given by personal service, registered or certified mail, publication or such other method as the court or judge shall direct. At least seven days notice shall be given to the plaintiff prior to the date of such hearing.
Pursuant to the provisions of this statute, a probable cause hearing was held on October 17, 2002.
Section 52-325b of the Connecticut General Statutes concerns the burden of proof at a probable cause hearing on an application for discharge a notice of lis pendens. This statute provides that:
(a) Upon the hearing held on the application or motion set forth in section 52-325a, the plaintiff shall first be required to establish that there is probable cause to sustain the validity of his claim and, if the action alleges an illegal, invalid or defective transfer of an interest in real property, that the initial illegal, invalid or defective transfer of an interest in real property occurred less than sixty years prior to the commencement of the action. Any property owner entitled to notice under subsection (c) of section 52-325 may appear and be heard on the issue.
(b) Upon consideration of the facts before it, the court or judge may: (1) Deny the application or motion if (A) probable cause to sustain the validity of the claim is established or (B) in an action that alleges an illegal, invalid or defective transfer of an interest in real property, probable cause to sustain the validity of the claim is established and the initial illegal, invalid or defective transfer of an interest in real property occurred less than sixty years prior to the commencement of the action, or (2) order such notice of lis pendens discharged of record if (A) probable cause to sustain the validity of the plaintiffs claim is not established or (B) in an CT Page 13574 action that alleges an illegal, invalid or defective transfer of an interest in real property, the initial illegal, invalid or defective transfer of an interest in real property occurred sixty years or more prior to the commencement of the action.
Case law in this state has defined the term "probable cause" as follows:
. . . Probable cause is a bona fide belief in the existence of facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. . . . Probable cause is a flexible common sense standard. . . . It deals with probabilities, and the application of the factual and practical considerations of everyday life on which reasonable and prudent men act.'" (Emphasis in original.) Adriani v. Commission on Human Rights Opportunities, 228 Conn. 545, 549-50, 636 A.2d 1360
(1994) (Adriani II).
Dufraine v. CHRO, 236 Conn. 250, 261 (1996).
During the hearing in this matter the plaintiffs introduced evidence of a document entitled Amended Easement Agreement. The parties to said Agreement are Coveland Farms, Inc. and Fioravante G. Perrotta and John L. Senning, Trustee. This Agreement provides in pertinent part that:
14. WHEREAS, Shirley H. Carr for herself, her heirs, successors and assigns, agreed not to build any above-ground improvements of any kind on that portion of her land within fifty feet of the boundary line with Coveland Farms, Inc. and to plant and maintain such evergreen trees as will provide a screen, so that any above ground structural improvements on said Carr (now Perrotta) property would not be visible from land of Coveland Farms, Inc. from a point in the boundary line between said properties marked by CLP pole #180 on the north and running southerly to the top of the embankment leading to Falls River Cove on the South.
15. WHEREAS, the Parties herein agree to modify the preceding paragraph so that Fioravante G. Perrotta for himself, his successors and assigns, agrees that prior to June 1, 2002 he will plant and maintain said CT Page 13575 evergreen barrier as will provide then and at all times in the future, a screen so that any above ground structural improvements on said Perrotta property (excluding the chimney and the northerly portion of the garage as presently constructed) shall not be visible at all from a point in the boundary line between said properties formerly marked by CLP pole #180 on the north and running southerly to the top of the embankment leading to Falls River Cove on the South.
16. WHEREAS, the Parties herein further agree that Fioravante G. Perrotta and his successors and assigns will also plant and maintain evergreen trees from a point known as the "orange stake" running 11 feet 9 inches northerly into his existing driveway so as to further shield the garage from Coveland Farms, Inc's (sic) view and that (except as permitted in Paragraph 17 below) no portion of the evergreen trees constituting said screening barrier as described in paragraphs 13 and 13 on the property of Coveland Farms, Inc.
 17. WHEREAS, the Parties herein further agree that FIORAVANTE G. PERROTTA, in order to provide said screen, will plant and maintain additional evergreen trees from said former CLP pole running southerly ten to twelve feet in substantially a straight line along the easterly line of said Right of Way.
The Agreement cited above was incorporated into a Stipulated Judgement dated November 2001, that was filed in the matter of Fioravante Perrottav. Coveland Farms, Inc. CV 00 0093534 (J.D. Middlesex). The Stipulation provides in pertinent part that:
 1. The parties agree that contemporaneously herewith they have entered into an Amended Easement Agreement which is attached hereto as Exhibit A and incorporated herein. The plaintiff will file said Amended Easement Agreement in the Town of Essex land records forthwith.
During the hearing credible, yet conflicting evidence was presented by both parties concern alleged violations of the Amended Easement Agreement. There is also a major dispute between the parties concerning CT Page 13576 the interpretation of Paragraph 15, of the Amended Easement Agreement concerning the interpretation of the language that provides as follows:
 [S]hall not be visible at all from a point in the boundary line between said properties formerly marked by CLP pole #180 on the north and running southerly to the top of the embankment leading to Falls River Cove on the South.
The plaintiffs in this matter are of the position that they are entitled to file a Notice of Lis Pendens on the subject property for reason that they have commenced an action concerning the enforcement of the aforementioned Amended Easement Agreement and Stipulated Judgment. The defendant asserts that the plaintiffs cannot meet their burden of proof for reason that the plaintiffs' action does not affect the title of the subject property and furthermore, the plaintiffs are precluded from litigating the issues raised in their complaint because by the doctrine of res judicata.
As to the issue concerning affecting the title of the property, the language of subsection 52-325 (b) (3) appears to be rather broad and the Court of this state have interpreted this statute in a very broad manner:
As noted in Stratton v. Ward, 39 Conn. Sup. 195, 197
(1983), the language of subsection (b) (3) is extremely broad.
Bielonko v. Blanchette Builders, Inc., No. CV-98-0581188-S (Feb. 2, 1999), 1999 Ct. Sup. 1125
(J.D. Hartford, Lavine, J.).
 The language of that statute, [52-325], is very broad. An action affects real property if it in any manner affects any interest at all in real property. Secondly, lis pendens is notice to the world of the lawsuit even though it is not in and of itself a lien on the property. This notice enables subsequent parties to investigate and determine how to deal with the subject property.
 Hospitality Group v. Second C L, No. CV92 0296112 S (Dec. 9, 1992) 1992 Ct. Sup. 10999
(J.D. Bridgeport, Spear, J.).
CT Page 13577
The instant action will have a direct impact on the rights of any subsequent owner of the defendant's property.
 From the face of the statute it is clear that a notice of lis pendens is appropriate only where the pending action will in some way, either directly or indirectly, affect the title to or an interest in the real property itself See Stratton v. Ward, 39 Conn. Sup. 195, 474 A.2d 113 (1983) (interpreting 52-325 [b] [3], where the court relied on the plain meaning of the statute). Where, as here, a party to a pending action seeks only monetary damages that will not affect the title of the real estate owned by an adverse party, a notice of lis pendens is properly discharged as it no longer serves its purpose, which is to put potential buyers of the real estate and creditors of its owners on notice that the real estate may be subject to pending adverse interests that may affect the title or right to the property.
 Garcia v. Brooks Street Associates, 209 Conn. 15, 22 (1988).
The plaintiffs in the instant action seek more than money damages as their redress. Their prayer for relief consists of among other things:
As to the First Count:
 1. A mandatory injunction requiring the Defendant to repair, replace and/or add such driveway material in the private driveway area for the Coveland property so as to prevent the accumulation of large areas of rain water (and in the winter months, large areas of ice) . . .
 6. Such other further relief as in law or equity may pertain.
As to the Second Count:
1. A temporary and permanent injunction restraining the Defendant and/or his agents, successors and assigns from maintaining any above ground improvements of any kind within 50' of the boundary line of the Defendant's (Perrotta) property and the Plaintiff's (Coveland) property; CT Page 13578
2. A mandatory injunction requiring the Defendant and his and/or his agents, successors and assigns to plant and maintain such evergreen trees within the area prescribed by the Amended Easement Agreement dated November 23, 2001, so that any above ground structural improvements on the Defendant's property (excluding the chimney and the northerly portion of the garage as presently constructed) shall not be visible from the designated areas of the Coveland property . . .
6. Such other further relief as in law or equity may pertain.
As to the Third Count:
 1. A mandatory injunction requiring the defendant and his agents successors and assigns to restore certain areas of the protected meadow on Defendant's property and areas immediately adjacent to the shared driveway which the defendant damaged during the process of construction on his property to as nearly equal as possible to its original condition as a meadow area . . .
5. Such other relief as in law or equity may pertain.
As to the Fourth Count:
 1. An order of the Court holding the defendant in contempt of the Stipulated Judgment previously entered by this Court.
(emphasis added)
It is clear that the relief being sought by the plaintiffs consists of more than money damages. Much of the relief being sought is equitable in nature and would bind not only the defendant, but also any subsequent owners of the property that is the subject of the lis pendens.
As to the issue of res judicata:
. . . [A] stipulated judgment may operate as res judicata to the same extent as a judgment after a CT Page 13579 contested trial. Gagne v. Norton, 189 Conn. 29, 31, 453 A.2d 1162 (1983); William G. Major Construction Co. v. DeMichely, 166 Conn. 368, 375, 349 A.2d 827
(1974); Bryan v. Reynolds, 143 Conn. 456, 460-61, 123 A.2d 192 (1956); Owsiejko v. American Hardware Corporation, 137 Conn. 185, 187-88, 75 A.2d 404
(1950); annot., 91 A.L.R.3d 1170, 1173-74.
Connecticut Water Co. v. Beausoleil, 204 Conn. 38, 49 (1987).
The position of the defendant is that the issues raised by the plaintiffs have already been litigated and have been resolved by a Stipulated Judgment. The defendant further asserts that money damages are the only redress available to the plaintiffs. However the plaintiffs' in this action seek more than a finding of contempt or money damages, they are seeking equitable relief in the form of the enforcement of the Amended Easement Agreement and the Stipulated Judgment. The requested relief affects not only the current property owner, but also any potential future owners of the subject property. While the issues that caused the parties to enter the stipulated agreement may have been litigated to final conclusion. The enforcement of said stipulated agreement has not.
While certain aspects of the plaintiffs complaint may arguably be subject to dismissal pursuant to the doctrine of res judicata, viewing the complaint as a whole and taking into consideration the burden of proof in a Notice of Discharge of Lis Pendens hearing, this Court finds that the plaintiffs have meet their burden to show probable cause to sustain the validity of their claim. The Application for Discharge of Lis Pendens is denied.
Richard Allan Robinson, J October 24, 2002 CT Page 13580