STATE OF CONNECTICUT *v.* WILFREDO NARVAEZ
(2119)

HULL, SPALLONE and DALY, Js.

Argued November 14, 1984—decision released January 15, 1985

*Richard R. Brown,* for the appellant (defendant).

*William Domnarski,* deputy assistant state's attorney, with whom, on the brief, were *John M. Massameno* and *Robert Meyers,* assistant state's attorneys, for the appellee (state).

HULL, J. This case raises the sole issue of whether reckless endangerment in the first degree[1] is a lesser

---

[1] General Statutes § 53a-63 provides in part that "[a] person is guilty of reckless endangerment in the first degree when, with extreme indifference

included offense of attempt[2] to commit assault in the first degree.[3] Since the defendant did not object to the court's charge to this effect and because we find that he did not satisfy the second exceptional circumstance requirement of *State* v. *Evans*, 165 Conn. 61, 70, 327 A.2d 576 (1973), we find no error.

The state charged that the defendant shot at a pursuing policeman. He was charged by information with attempted assault in the first degree. The case was tried to a jury and, at the conclusion of the evidence, both the state and defense counsel filed requests to charge on lesser included offenses. The defendant requested a charge on the crime of reckless endangerment in the second degree,[4] and the state requested a charge on the crime of reckless endangerment in the first degree. The court charged the jury on attempted assault in the first degree and on both requested charges as lesser included offenses. The jury returned a verdict of not guilty as to attempt to commit assault in the first degree and a verdict of guilty as to reckless endangerment in the first degree.

---

to human life, he recklessly engages in conduct which creates a risk of serious physical injury to another person."

[2] General Statutes § 53a-49 provides in pertinent part: "(a) A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime he: (1) Intentionally engages in conduct which would constitute the crime if attendant circumstances were as he believes them to be; or (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime."

[3] General Statutes § 53a-59 (a) provides in pertinent part that "[a] person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument . . . ."

[4] General Statutes § 53a-64 (a) provides that "[a] person is guilty of reckless endangerment in the second degree when he recklessly engages in conduct which creates a risk of physical injury to another person."

The defendant filed motions in arrest of judgment and for judgment of acquittal.[5] After a hearing, the court denied both motions and the defendant appeals[6] from the judgment on the conviction. It is noted that the defendant's brief does not comply with Practice Book § 3060F in that it lacks a statement of the issues.

The state argues that the defendant's claim should not be heard on appeal since the defendant failed to object to the court's charge on reckless endangerment in the first degree. The state claims that the defendant's own request to charge on reckless endangerment in the second degree constitutes a waiver of right to complain of either the correctness of the charge or lack of notice, since the culpable state of mind for reckless endangerment in the first and second degrees is identical.

The state points out that the defendant briefed neither a plain error argument nor an argument under *State* v. *Evans,* supra. Thus, the state argues, since the record fails to support a claim of deprivation of a fundamental constitutional right and a fair trial, the defendant's claim should not be reviewed under the second prong of the exceptional circumstance doctrine of *State* v. *Evans,* supra.

"This court need not consider claims not distinctly raised at trial and not arising subsequent thereto. E.g., Practice Book § 3063; *State* v. *Delafose,* 185 Conn. 517, 520, 441 A.2d 158 (1981); *State* v. *Evans,* 165 Conn. 61, 67, 327 A.2d 576 (1973). Such claims of error are considered waived. *State* v. *Evans,* supra, 66. Only in the most exceptional circumstances will this court con-

---

[5] For purposes of this opinion, the defendant's motion for judgment of acquittal will be treated as a motion to set aside the verdict. The state refers to the defendant's "motion to set aside" throughout its brief, and the defendant asks this court to set aside the verdict below.

[6] This appeal was originally filed in the Appellate Session of the Superior Court. General Statutes § 51-197a (c).

sider even a constitutional claim not properly raised and decided in the trial court. Practice Book § 3063; *State* v. *Gooch,* 186 Conn. 17, 18, 438 A.2d 867 (1982); *State* v. *Packard,* [184 Conn. 258, 271, 439 A.2d 983 (1981)]; *State* v. *Evans,* supra, 69; cf. *Hormel* v. *Helvering,* 312 U.S. 552, 557, 61 S. Ct. 719, 85 L. Ed. 1037 (1941); *Frommhagen* v. *Klein,* 456 F.2d 1391, 1395 (9th Cir. 1972). 'Contrary to the impression which seems to prevail in some quarters, it is not true that defense counsel in criminal cases may through neglect, inattention or as a trial strategy refrain from making proper objection or raising in the trial court any available constitutional defenses, confident that if the outcome of the trial proves unsatisfactory without making objections and taking exceptions and raising any available constitutional issue they may still prevail by assigning error or raising the constitutional issue for the first time on the appeal.' *State* v. *Evans,* supra, 67; see *State* v. *Williams,* 173 Conn. 545, 560, 378 A.2d 588 (1977). Exceptional circumstances are presented only when (1) a new constitutional right not readily foreseeable arises between the time of trial and of appeal; or (2) the record is sufficiently complete to support a claim that the defendant was denied a fundamental constitutional right and a fair trial. *State* v. *Evans,* supra, 70; see, e.g., *State* v. *Gunning,* 183 Conn. 299, 302–303, 439 A.2d 339 (1981); *State* v. *Trent,* 182 Conn. 595, 598, 438 A.2d 796 (1981); *State* v. *Williams,* 181 Conn. 262, 267, 438 A.2d 80 (1980). The defendant asserts that each of his claims of error in the jury instructions presents exceptional circumstances under the second of the *Evans* tests. Accordingly, to determine whether we will reach the merits of each claim, we will examine whether it poses a question of fundamental constitutional dimension. *State* v. *Gooch,* supra, 18." *State* v. *Miller,* 186 Conn. 654, 658–59, 443 A.2d 906 (1982).

In *State* v. *Nardini,* 187 Conn. 513, 517, 447 A.2d 396 (1982), the Supreme Court referred to the *"Evans*

by-pass" as being "narrow." "The rule that requires that such claims be raised at the trial is a salutary one. Although it is subject to certain sharply delineated constitutional exceptions; *State* v. *Evans,* supra; and has been applied with some flexibility in capital cases; *State* v. *Reid,* 146 Conn. 227, 230–31, 149 A.2d 698 (1959); the fact that the rule is not adhered to in a limited number of situations 'does not permit a defendant in a criminal case to fail, whether from a mistake of law, inattention or design, to object to matters occurring during a trial until it is too late for them to be corrected or even considered and then, if the outcome proves unsatisfactory, to raise them for the first time on an appeal. Under such a procedure (1) claims of error would be predicated on matters never called to the attention of the trial court and upon which it necessarily could have made no ruling in the true sense of the word; and (2) the appellee, here the state, would be lured into a course of conduct at the trial which it might have altered if it had any inkling that the accused would, in the event of a conviction, claim that such a course of conduct involved rulings which were erroneous and prejudicial to him.' *State* v. *Taylor,* 153 Conn. 72, 86–87, 214 A.2d 362 (1965)." *State* v. *Kurvin,* 186 Conn. 555, 564, 442 A.2d 1327 (1982). "The *Evans* rule is designed to protect fundamental constitutional rights. It deals with substance, not labels. Putting a constitutional tag on a nonconstitutional claim will no more change its essential character than calling a bull a cow will change its gender. If a word to the wise will do it, then suffice it to observe that the *Evans* trial court bypass to this court is a narrow constitutional path and not the appellate Champs-Elysees." *State* v. *Gooch,* supra.

The *Evans* bypass is not meant to have talismanic effect on appellate courts. In this case, the defendant requested a charge on reckless endangerment in the

second degree and the court, at the state's request, also charged the jury on reckless endangerment in the first degree. Both of these crimes require substantially the same mental state. Although reckless endangerment in the first degree requires that the defendant also act with "extreme indifference to human life" (see footnote 1, supra), we conclude that the defendant's claim of error concerning the court's charge on reckless endangerment in the first degree as a lesser included offense of attempted assault in the first degree does not rise to the level of constitutional error necessary to trigger this court's consideration of the issue under the *Evans* bypass.

This conclusion is in accord with the Supreme Court's recent decision in *State* v. *Jacobowitz,* 194 Conn. 408, 480 A.2d 557 (1984). There, the court stated that it "does not recognize the right to have a jury charged on lesser included offenses to be one of constitutional dimension: 'There is no fundamental constitutional right to a jury instruction on every lesser included offense suggested by the evidence or by the information, indictment and bill of particulars.' *State* v. *Whistnant,* [179 Conn. 576, 583, 427 A.2d 414 (1980)]." *State* v. *Jacobowitz,* supra, 413.

There is no error.

In this opinion the other judges concurred.