STATE OF CONNECTICUT *v.* EMMET RIGGS
(2780)

DUPONT, C. J., HULL and DALY, Js.

Argued February 6—decision released April 22, 1986

*Nicholas P. Cardwell,* with whom was *Kenneth J. McDonnell,* for the appellant (defendant).

*Susan C. Marks,* deputy assistant state's attorney, with whom, on the brief, was *Warren Maxwell,* assistant state's attorney, for the appellee (state).

DALY, J. The defendant was indicted by a grand jury for murder, a violation of General Statutes § 53a-54a. The case was tried before a jury and the defendant was found guilty of the lesser included offense of manslaughter in the second degree, a violation of General Statutes § 53a-56. The defendant appeals from the judgment of conviction alleging that he was denied the protection of the presumption of innocence and due process of law (1) because the decision of the state's attorney to seek an indictment for murder was not reasonably supported by the evidence, and (2) because the trial court denied his motions for judgment of acquittal and charged the jury on the elements of every

lesser included offense to the original charge of murder where the evidence was insufficient to substantiate the original charge. We find no error.

The following facts are undisputed. At approximately 11 p.m. on June 19, 1981, Jocelyn Howard, the victim, was sitting with two friends, Rosemarie Smith and Donna Watson, at the upstairs bar of Jerry Mac's Cafe in Hartford. The defendant approached the bar and ordered a drink. The defendant was unknown to the three women. He offered to buy Smith a drink but she refused. Thereafter, the defendant became engaged in a heated argument with the victim who was seated next to Smith. The victim uttered profanities at the defendant. She arose from her chair to block the defendant's way and pointed towards him. The defendant claims that the victim confronted him with an object, either a knife or a razor blade. No other eyewitness saw such an object nor was one ever discovered. The defendant drew a knife from his jacket and interposed it between himself and the victim. The defendant claims that the victim fell onto his knife. The state claims that the evidence indicates that the defendant intentionally stabbed the victim. The knife entered the victim's upper chest severing the aorta. The defendant withdrew the knife from the victim's body, placed it back in his jacket and left the cafe. The victim died several hours later.

The next day, the defendant claimed that he learned that someone had died from a stab wound at the cafe. Soon thereafter and upon the advice of counsel, he gave the police a statement detailing his confrontation with the victim. The defendant was subsequently arrested and indicted by a grand jury for murder.

At the close of the prosecution's case, the defendant moved for a judgment of acquittal on the charge of murder. General Statutes § 53a-54a (a) provides in pertinent part: "A person is guilty of murder when,

with intent to cause the death of another person, he causes the death of such person . . . . " "A person acts 'intentionally' with respect to a result . . . described by a statute defining an offense when his conscious objective is to cause such result . . . . " General Statutes § 53a-3 (11). The defendant alleged that the state had failed to present evidence to prove that the defendant intended to cause the victim's death. This motion was denied. After the presentation of the defendant's case, he again moved for a judgment of acquittal on the same ground. This motion was also denied. The jury was charged as to the elements of murder, as well as the lesser included offenses of manslaughter in the first degree, manslaughter in the the second degree and criminally negligent homicide. The jury found the defendant guilty of manslaughter in the second degree. See General Statutes § 53a-56.[1] After the jury rendered its verdict, the defendant made a final written motion for judgment of acquittal. This motion was denied without articulation.

The defendant's first argument is that the decision of the state's attorney to prosecute the defendant for murder constituted an abuse of prosecutorial discretion.[2] He alleges that the prosecutor possessed insuffi-

---

[1] "A person is guilty of manslaughter in the second degree when: (1) He recklessly causes the death of another person . . . . " General Statutes § 53a-56 (a). "A person acts 'recklessly' with respect to a result . . . described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur . . . . The risk must be of such nature and degree that disregarding it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation . . . ." General Statutes § 53a-3 (13).

[2] The defendant's brief alleges that he was denied the presumption of innocence. The presumption of innocence refers to the assignment of the burden of proof, beyond a reasonable doubt, which the state must bear to prove every element of a criminal charge. See *State* v. *Fernandez,* 198 Conn. 1, 21, 501 A.2d 1195 (1985); McCormick, Evidence (2d Ed., 1972) § 342. The trial court's jury instruction specified that the state bore the burden

cient evidence to demonstrate that the defendant intended to cause the victim's death as provided by General Statutes § 53a-54a. See General Statutes § 53a-3 (11). The state argues that no such claim was presented to the trial court and therefore is not a proper issue for appellate review. See *State* v. *Miller,* 186 Conn. 654, 658–59, 443 A.2d 906 (1982); *State* v. *Narvaez,* 3 Conn. App. 166, 168–69, 485 A.2d 1351 (1985). The state's argument continues, however, alleging that the existence of a grand jury indictment on the murder charge belies the defendant's allegation that the state's attorney abused his discretion.

The Appellate Court may only review those issues which were properly raised and ruled on by the trial court. *State* v. *Miller,* supra, 658. In general, a claim of an abuse of prosecutorial discretion should be made by a motion to dismiss based upon the "insufficiency of evidence or cause to justify the bringing or continuing of such information or indictment or the placing of the defendant on trial . . . ." Practice Book § 815 (5); see Spinella, Connecticut Criminal Procedure, pp. 604–605. Practice Book § 816, however, prohibits a "defendant who has been indicted by a grand jury . . . [to] make a motion under [Practice Book § 815 (5)]." The defendant made no formal objection to the prosecutor's actions charging the defendant with murder. He did challenge the sufficiency of the evidence of intent in his motions for judgment of acquittal but such challenge did not refer to an abuse of prosecutorial discretion. Nevertheless, because the defendant's claim raises an issue of his constitutional right to due process, we shall review his claim to the extent that it is clearly established on the record. *State* v. *Orsini,* 187 Conn. 264, 271, 445 A.2d 887, cert. denied, 459 U.S. 861, 103 S. Ct. 136, 74 L. Ed. 2d 116 (1982).

---

of proving intent. The record does not show that the state was excused from its burden of proving intent, or any other element of the crimes charged.

The due process clause of the fifth amendment to the United States constitution protects against vindictive or coercive use of the federal prosecutorial power. *United States* v. *Goodwin,* 457 U.S. 368, 372, 102 S. Ct. 2485, 73 L. Ed. 2d 74 (1982). The fourteenth amendment protects persons from the state's abuse of its prosecutorial power. See *State* v. *Hayes,* 127 Conn. 543, 581, 18 A.2d 895 (1941). Additionally, "the inherent supervisory powers of the court over legal process in this state" guard against unfounded prosecution. *State* v. *Ellis,* 197 Conn. 436, 478, 497 A.2d 974 (1985). The state's attorney is given " 'broad discretion in determining what crime or crimes to charge in any particular situation.' *State* v. *Chetcuti,* 173 Conn. 165, 168, 377 A.2d 263 (1977)." *State* v. *Ellis,* supra, 478. "That power, however, is limited in the usual and lawful manner by the facts which the prosecutor may be reasonably expected to prove at trial. *People* v. *Eboli,* 34 N.Y.2d 281, [357 N.Y.S.2d 435,] 313 N.E.2d 746 [1974]." *State* v. *Darden,* 171 Conn. 677, 682, 372 A.2d 99 (1976). "[A]n indictment returned by a legally constituted nonbiased grand jury . . . if valid on its face . . . satisfies the requirements of the Fifth Amendment." *Lawn* v. *United States,* 355 U.S. 339, 349, 78 S. Ct. 311, 2 L. Ed. 2d 32, reh. denied, 355 U.S. 967, 78 S. Ct. 529, 2 L. Ed. 2d 542 (1958). " 'The basic purpose of . . . indictment by a grand jury is to interpose, between the state and one accused of a crime . . . a body of eighteen disinterested persons . . . to determine whether the state has shown probable cause for subjecting the accused to the expense, embarrassment and risk of such a trial.' *State* v. *Merrillo,* 159 Conn. 264, 275, 268 A.2d 667 (1970)." *State* v. *Curcio,* 191 Conn. 27, 33, 463 A.2d 566 (1983). The existence of a facially valid indictment affords ample assurance that the charges brought against the defendant were based upon probable cause. See *State* v. *Curcio,*

supra, 33; *State* v. *Cobbs,* 164 Conn. 402, 406, 324 A.2d 234, cert. denied, 414 U.S. 861, 94 S. Ct. 77, 38 L. Ed. 2d 112 (1973). The record before us provides no evidence demonstrating that the indictment was improper on its face or that the grand jury was biased, nor does the defendant make such a claim.[3]

The defendant's second allegation suggests that the trial court erred in denying his motions for judgment of acquittal on the charge of murder because there was insufficient evidence to support a jury verdict of guilty on such a charge. The defendant made three motions for judgment of acquittal. All three motions were denied without articulation. The defendant's basis for making all three motions was the insufficiency of evidence to prove the charge of murder, specifically that the defendant intended to cause the victim's death.

In denying the defendant's motions for judgment of acquittal, the trial court must have found that " 'the jury could have reasonably concluded, upon the facts established and the inferences reasonably drawn therefrom, that the cumulative effect of the evidence established guilt beyond a reasonable doubt.' " *State* v. *Stepney,* 191 Conn. 233, 255, 464 A.2d 758 (1983), cert. denied, 465 U.S. 1084, 104 S. Ct. 1455, 79 L. Ed. 2d 772, reh. denied, 466 U.S. 954, 104 S. Ct. 2163, 80 L. Ed. 2d 547 (1984), quoting *State* v. *Nemeth,* 182 Conn. 403, 410, 438 A.2d 120 (1980). Our review of the record discloses sufficient evidence from which the jury could rea-

---

[3] The defendant does not claim that his right to due process was violated because the prosecutor's decision was motivated by vindictiveness. See *United States* v. *Goodwin,* 457 U.S. 368, 372, 102 S. Ct. 2485, 73 L. Ed. 2d 74 (1982). There is no claim that the prosecutor's decision denied the defendant's right to equal protection. See *State* v. *Haskins,* 188 Conn. 432, 474, 450 A.2d 828 (1982).

The defendant does not assert that the due process clause of the Connecticut constitution, article first, § 8, affords a defendant any greater protection from prosecutorial discretion than that afforded by the fourteenth amendment to the United States constitution.

sonably have found beyond a reasonable doubt that the defendant intended to cause the victim's death. There was evidence that the defendant and the victim were arguing immediately prior to the accident. There was also evidence that the knife entered a vital area of the body. The knife also penetrated the victim's body at a downward angle, to a depth of approximately five inches. The defendant fled from the scene of the incident. From such evidence the jury could have reasonably found that the defendant intended to cause the victim's death.

If we assume, arguendo, that the jury should not have been charged on the crime of murder, the defendant was not prejudiced by such alleged error. The jury impliedly acquitted the defendant of murder and found him guilty of the lesser included offense of manslaughter in the second degree.[4] *State* v. *Shipman,* 195 Conn. 160, 162, 486 A.2d 1130 (1985). If any error was made, with respect to the charge of murder, it was harmless beyond a reasonable doubt. *State* v. *Cohane,* 193 Conn. 474, 484, 479 A.2d 763, cert. denied, 469 U.S. 990, 105 S. Ct. 397, 83 L. Ed. 2d 331 (1984).

There is no error.

In this opinion the other judges concurred.

---

[4] Because we find that there was sufficient evidence of intent to warrant submission of a charge of murder to the jury, we need not speculate as to whether it was proper to instruct the jury on the lesser included offenses of manslaughter in the first and second degree and criminally negligent homicide. Such an instruction was proper. See General Statutes § 53a-45 (c); *State* v. *Rodriguez,* 180 Conn. 382, 399–405, 429 A.2d 919 (1980).