STATE OF CONNECTICUT *v.* ANGEL NIEVES
(4665)

BORDEN, DALY and O'CONNELL, Js.

Argued October 8—decision released December 22, 1987

*David A. Moraghan,* special public defender, for the appellant (defendant).

*Susan C. Marks,* deputy assistant state's attorney, with whom, on the brief, was *Dennis A. Santore,* state's attorney, for the appellee (state).

O'CONNELL, J. The defendant appeals from the judgment of conviction, after a jury trial, of two counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a). He claims the court erred (1) in refusing to allow him to cross-examine his codefendant after the codefendant testified concerning events of the crime involving both of them, and (2) in denying his motion for judgment of acquittal because of insufficiency of evidence to justify conviction. We find no reversible error.

The jury could reasonably have found the following facts. While the defendant and a codefendant; see *State v. Garcia,* 13 Conn. App. 67, 534 A.2d 906 (1987);[1] were inmates at the Litchfield Correctional Center, they used

---

[1] A pretrial motion to sever the cases was withdrawn and the denial of a subsequent motion, made at trial, has not been assigned as error.

physical force to compel another inmate to perform sexual acts upon them. In testifying on his own behalf, the codefendant made reference to the defendant's involvement in the crimes.

I

The defendant's first claim of error raises the issue of whether a defendant's right of cross-examination applies only to witnesses called by the state, or is equally applicable to witnesses called by a codefendant, including the codefendant himself. The defendant bases his claim on the confrontation clauses of the federal and state constitutions.[2]

This is a case of first impression in Connecticut, but looking to other jurisdictions, we find that in the seminal case of *State* v. *Crooker,* 123 Me. 310, 122 A. 865 (1923), the Maine Supreme Court held that a defendant may cross-examine any witness who offers testimony adverse to him. See annot. 33 A.L.R. 821. Of the few jurisdictions and treatises that have considered the question, all have been in general agreement with the *Crooker* court. See *United States* v. *Polizzi,* 500 F.2d 856, 903 (9th Cir. 1974), cert. denied, 419 U.S. 120 (1975); *United States* v. *Zambrano,* 421 F.2d 761, 763 (3d Cir. 1970); *State* v. *Mayberry,* 52 N.J. 413, 245 A.2d 481 (1968); *State* v. *Martin,* 53 N.M. 413, 209 P.2d 525 (1949); 81 Am. Jur. 2d, Witnesses § 470, p. 447; 5 J. Wigmore, Evidence (Chadbourn Rev.) § 1394, p. 147.

The cases and text writers analogize this right to a party's conditional right to impeach his own witness, thereby recognizing a right of cross-examination substantially narrower than that applicable to prosecution witnesses.[3] A condition precedent to this special right

---

[2] U.S. Const., amend.; Conn. Const., art. I, § 8.

[3] For Connecticut's evolving rule permitting impeachment of a party's own witness, see *State* v. *Whelan,* 200 Conn. 743, 747, 513 A.2d 86, cert. denied, 479 U.S. 994, 107 S. Ct. 597, 93 L. Ed. 2d 598 (1986), and *State* v. *Graham,* 200 Conn. 9, 17, 509 A.2d 493 (1986).

of cross-examination is that the testimony of the witness actually must be opposed or contrary to the position of the defendant. *United States* v. *Mercks,* 304 F.2d 771, 772 (4th Cir. 1962); *State* v. *Mason,* 215 S.C. 457, 56 S.E.2d 90 (1949); *People* v. *Braune,* 363 Ill. 551, 2 N.E.2d 839, 841 (1936).

In addition to the foregoing constitutional bases, the principle is firmly entrenched in the common law. In 1902, this precise question was decided by the King's Bench. *Rex* v. *Hadwen,* 1 K.B. 581 (1902). Writing for the court, Lord Alverston, C. J., said in part: "That question is, whether, where two prisoners indicted jointly are defended separately, and one elects to give evidence [on his own behalf] . . . and in the course of that evidence inculpates the other prisoner, counsel for the latter prisoner can cross-examine the former, or whether he can only be cross-examined by counsel for the prosecution. . . . [I]t is in the interests of justice that the counsel for the prisoner inculpated should be able to cross-examine. The case may arise where the evidence for the prosecution is so strong against a prisoner that it might not be thought necessary to test strictly the inculpating evidence of the other prisoner." Id., 583.

The trial court in the present case stated the law correctly, namely, that cross-examination of the codefendant should be barred if the codefendant's testimony was not adverse to the interests of this defendant. The court misapplied the law, however, because its recollection of the codefendant's testimony was faulty. The transcript discloses that the codefendant testified that the defendant was "involved in this" and also that the victim had been in the defendant's cell the night of the assault. This testimony had some degree of probative value against the defendant and he was entitled to an opportunity to cross-examine the codefendant concerning it.

The state concedes that, under the facts of this case, it was error for the trial court to deny the defendant the opportunity to cross-examine his codefendant. This concession notwithstanding, the state argues that in view of other evidence in the case it was harmless error. The defendant, on the other hand, contends that it is constitutionally impermissible to find such an error harmless and that automatic reversal is mandated. We agree with the state.

"In *Bruton* v. *United States,* 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968), the [United States Supreme] Court held that since a defendant had a right to cross-examine a co-defendant it was reversible error to admit evidence of a co-defendant's confession where that co-defendant did not take the stand and subject himself to such cross-examination." *United States* v. *Zambrano,* supra, 763. *Bruton,* however, does not purport to overrule the conclusion of *Chapman* v. *California,* 386 U.S. 18, 22, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967), that in the setting of a particular case some constitutional errors may be deemed harmless and not require automatic reversal. The later cases of *Harrington* v. *California,* 395 U.S. 250, 89 S. Ct. 1726, 23 L. Ed. 2d 284 (1969), and *Delaware* v. *Van Arsdall,* 475 U.S. 673, 106 S. Ct. 1431, 89 L. Ed. 2d 674 (1986), held denial of cross-examination subject to harmless error analysis. "[N]ot all 'trial errors which violate the Constitution automatically call for reversal.' " *Harrington* v. *California,* supra, 251–52, quoting *Chapman* v. *California,* supra, 23. Both cases utilized a case by case examination of the facts to determine whether the error was harmless beyond a reasonable doubt. In *Van Arsdall,* the court considered a variety of factors such as the importance of the testimony to the state's case, whether the testimony was cumulative, the presence of corroborating or contradictory testimony, the extent of cross-examination permitted and

the strength of the state's case, in determining whether the error affected the reliability of the fact-finding process. *Delaware* v. *Van Arsdall,* supra, 1438. In addition, the court refused to accept the argument that reversible error must be found because it was impossible to predict how the jury would have reacted if it had heard the excluded testimony. Id.

In the present case, the codefendant's testimony added only slight, if any, strength to the state's case against this defendant, whose own testimony was consistent with that of the codefendant. Both defendants admitted the sexual acts with the victim, but claimed that they were commercially bartered transactions for cigarettes and accordingly consensual.

The defendant is unable to articulate any specific incriminating aspect of the codefendant's testimony other than that placing him at the scene of the assaults. The jury, however, learned of this from the defendant's own testimony as well as from other witnesses.

The defendant argues that Connecticut has adopted a rule under our state constitution which is narrower than the federal rule exemplified in the *Van Arsdall* case. According to this argument, any refusal to allow cross-examination is prejudicial per se and not subject to harmless error analysis. *State* v. *Esposito,* 192 Conn. 166, 471 A.2d 949 (1984), which is relied on by the defendant, does not support this proposition. The *Esposito* court spoke in language that clearly left room for discretionary analysis of the situation,[4] and the following year the harmless error doctrine for errors of constitutional import was expressly recognized in *State*

---

[4] "If . . . such consent [to examination of psychiatric records] is not forthcoming then the court *may be obliged to* strike the testimony of the witness." (Emphasis added.) *State* v. *Esposito,* 192 Conn. 166, 179–80, 471 A.2d 949 (1984); but see *In re Robert H.,* 199 Conn. 693, 711, 509 A.2d 475 (1986), for an indication to the contrary.

v. *Bruno,* 197 Conn. 326, 335–36, 497 A.2d 758 (1985), cert. denied, 475 U.S. 1119, 106 S. Ct. 1635, 90 L. Ed. 2d 181 (1986); see also id., 336 (*Shea, J.,* concurring).

Under the circumstances of this case we conclude that the court's error in denying cross-examination of the codefendant was harmless beyond a reasonable doubt.

## II

The defendant's second claim of error is that the evidence was insufficient to sustain a conviction of either count of sexual assault in the first degree. The defendant claims that the testimony of the victim concerning force exerted by the defendant is conflicting and unreliable. It is rudimentary that we do not retry the facts or evaluate the credibility of witnesses. *Bowman* v. *Williams,* 5 Conn. App. 235, 238, 497 A.2d 1015 (1985). The standard is whether " '[t]he jury could have reasonably concluded, upon the facts established and the inferences reasonably drawn therefrom, that the cumulative effect of the evidence established the defendant's guilt beyond a reasonable doubt.' " *State* v. *Dumlao,* 3 Conn. App. 607, 613, 491 A.2d 404 (1985), quoting *State* v. *Giorgio,* 2 Conn. App. 204, 211, 477 A.2d 134 (1984). In addition, the evidence must be given a construction most favorable to sustaining the jury's verdict. *State* v. *Dumlao,* supra. Applying that standard to this case, we find there was sufficient evidence, if believed by the jury, to sustain the convictions.

There is no error.

In this opinion the other judges concurred.