STATE OF CONNECTICUT *v.* WILLIAM GARCIA
(4666)

BORDEN, DALY and O'CONNELL, Js.

Argued October 8—decision released December 22, 1987

*Richard S. Cramer,* for the appellant (defendant).

*Susan C. Marks,* deputy assistant state's attorney, with whom, on the brief, was *Dennis A. Santore,* state's attorney, for the appellee (state).

O'CONNELL, J. The defendant appeals from the judgment of conviction, after a jury trial, of two counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a). He claims that the court erred (1) in giving the "Chip Smith" jury charge as part of the initial jury charge, and (2) in denying his motion for judgment of acquittal because of the insufficiency of the evidence to justify conviction. We find no error.

The jury could reasonably have found the following facts. While the defendant and a codefendant; see *State v. Nieves,* 13 Conn. App. 60, 534 A.2d 1231 (1987); were inmates at the Litchfield Correctional Center, they used physical force to compel another inmate to perform sexual acts upon them.

The defendant's first claim is that the court erred in giving the "Chip Smith"[1] instruction as part of its initial charge instead of deferring until the court had been made aware of a disagreement among the jurors. See *State* v. *Smith,* 49 Conn. 376 (1881). We disagree. Our Supreme Court has repeatedly approved the giving of this instruction as part of the initial instruction prior to a jury deadlock. *State* v. *Ralls,* 167 Conn. 408, 425, 356 A.2d 147 (1974); *State* v. *Schleifer,* 102 Conn. 709, 725, 130 A. 184 (1925).

The defendant's brief also suggests that the language of the trial court was more coercive than that previously approved by our Supreme Court. This claim was not raised in the trial court where the objection was to the timing of the instruction only and not to its form. Absent exceptional circumstances, this court need not consider claims of error not distinctly raised at trial. Practice Book §§ 315, 4185; *State* v. *Narvaez,* 3 Conn. App. 166, 168–69, 485 A.2d 1351 (1985). We find no such exceptional circumstances here.

---

[1] The relevant portion of the jury charge is as follows: "Finally, ladies and gentlemen, I will conclude with this instruction. As I have stated, the verdict of a jury in a criminal case must be unanimous, one with which all of you agree. Usually, there are some differences of opinion by jurors when they first retire. As reasonable people, they discuss these differences and try to reconcile them. If a jury cannot come to an agreement upon a verdict, the case usually must be tried again before a different jury. A second trial imposes a severe hardship upon the parties involved, the State and the accused. You must, therefore, make every reasonable effort to come to a verdict. You must listen to what other jurors say. You must not hesitate to reconsider your own opinion. If few of the other jurors do share your viewpoint, you should carefully examine its soundness. All of you have heard the same evidence and the same explanation of the law. As reasonable people, you should ultimately be able to come to some agreement upon a verdict.

"On the other hand, the verdict must be one which each juror considers just in his or her own mind. A juror cannot desert his or her firm and honest conviction simply in order to reach an agreement which he or she regards as wrong."

The defendant next claims that the trial court erred in its denial of his motion for judgment of acquittal which he filed on the ground of insufficiency of the evidence. Although the evidence was conflicting, there was sufficient evidence, if believed by the jury, to support the conviction. We cannot retry the case. *Public Works Supply Co.* v. *Eveready Machinery Co.,* 11 Conn. App. 79, 525 A.2d 988 (1987).

There is no error.

In this opinion the other judges concurred.