STATE OF CONNECTICUT *v.* RALPH VAUGHN
(7890)

DUPONT, C. J., DALY and LAVERY, Js.

Argued October 17—decision released December 19, 1989

*Peter J. Blessinger,* special public defender, for the appellant (defendant).

*Rita M. Shair,* deputy assistant state's attorney, with whom were *Michael Dearington,* state's attorney, and, on the brief, *Elpedio N. Vitale,* assistant state's attorney, for the appellee (state).

DALY, J. The defendant appeals from the judgment of conviction, after a jury trial, of the sale of heroin by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b). The information alleged that the defendant was not a drug-dependent person at the time of the sale. The defendant claims that the trial court erred in permitting the state, after the defendant had rested and immediately prior to closing arguments, to file an amended information deleting the language that the sale was made by a person who was not drug-dependent. The defendant also claims that the prosecutor abused his discretion because the defendant was charged with a violation of General Statutes § 21a-278 (b). Finally, the defendant challenges the constitutionality of § 21a-278 (b). We find no error.

The following facts do not appear to be in dispute. On the afternoon of December 15, 1987, Officers Frank Roberts, Robert Brooks and Edward Kendall of the New Haven street narcotics task force were working as undercover officers assigned to purchase narcotics from suspected drug dealers. The three officers operated as a team and, on that afternoon, were working on Sylvan Street and Elliott Street in a neighborhood

known as the "Hill section" of New Haven. Kendall and Brooks were assigned as a surveillance backup team to protect Roberts, to observe the transaction, and to identify the seller. The three officers were dressed in plainclothes and operated rental vehicles.

That afternoon, at about 3:15 p.m., Roberts drove up Elliott Street toward a group of individuals. As he approached, the defendant, who was dressed in a red ski jacket with a large blue stripe and a grey hood protruding from the jacket, and blue jeans, approached the car and offered to sell heroin to Roberts.[1] A $20 transaction was completed. After the purchase, Roberts met with the other officers, initialed and dated the packet and gave it to Kendall. Kendall had the packet fieldtested, and the results of that test indicated that the substance was heroin.

After meeting with the officers, Roberts went to police headquarters, where he identified the defendant's picture from a photo array. The defendant was subsequently arrested and charged with the sale of heroin by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b). During the jury trial, the defendant rested without presenting evidence on the issue of drug dependency. As a result, immediately prior to closing arguments, the court stated that as a result of discussions in chambers concerning the issue of drug dependency it had requested the state to file an amended information that deleted the reference to a person who is not drug-dependent, but to keep the charge as sale of heroin in violation of General Statutes § 21a-278 (b). See Practice Book § 624. The trial judge then granted the state's request over the defendant's objection. The defendant was convicted and sentenced to ten years in prison. This appeal ensued.

[1] The defendant used the word "power" when he offered to sell the narcotic. Testimony revealed that this word is the street name for heroin.

I

The defendant's first claim is that the trial court erred in granting the state's request to amend the information after the defendant had rested and immediately prior to closing arguments.

Practice Book § 624 provides in part: "After commencement of the trial for good cause shown, the judicial authority may permit the prosecuting authority to amend the information or indictment at any time before a verdict or finding if no additional or different offense is charged and no substantive rights of the defendant would be prejudiced."[2] See *State* v. *Anderson,* 211 Conn. 18, 31, 557 A.2d 917 (1989).

Section 624 prevents the defendant from being charged with additional or different offenses. See id. "The state's right to amend must be limited to substitutions that do not charge the defendant with an additional or different offense because the defendant has a constitutional right to fair notice, prior to the commencement of trial, of the charges against which he must defend himself." *State* v. *Jacobowitz,* 182 Conn. 585, 590, 438 A.2d 792 (1981). "After trial has commenced . . . 'an amendment is permissible only to charge a lesser included offense.' " *State* v. *Cole,* 8 Conn. App. 545, 552, 513 A.2d 752 (1986), quoting *State* v. *Jacobowitz,* supra.

In the present case, the original and amended information charged the defendant with the same crime,

---

[2] The state must also show good cause. In the present case, the state argued that it was required only to prove the essential elements of the crime as set out in § 21a-278 (b) and that, because the issue of drug dependency was not raised by the defendant, the state did not have to prove the defendant was not a drug-dependent person. The state also argued that the inclusion of the reference to his not being a drug-dependent person, especially in the jury charge, would confuse the jury. The defendant, on appeal, does not contend that the state failed to show good cause.

namely, sale of heroin in violation of General Statutes § 21a-278 (b). The amendment to the information that deleted any reference to the defendant's not being a drug-dependent person did not change the offense, and thus, did not deprive the defendant of his right to fair notice of the charge. See, e.g., *State* v. *Wallace,* 181 Conn. 237, 435 A.2d 20 (1980).

Section 624 also provides that the defendant's substantive rights must not be prejudiced by any amendment. See *State* v. *Anderson,* supra. In the present case, the defendant argues that he was denied due process of law because he was denied the opportunity to argue to the jury in his closing argument that the state did not prove that the defendant was not a drug-dependent person.

The state does not carry the burden of proving that the defendant is not a drug-dependent person unless the defendant has raised the issue of drug dependency and met his burden of producing substantial evidence on this issue. See *State* v. *Januszewski,* 182 Conn. 142, 169, 438 A.2d 679 (1980), cert. denied, 453 U.S. 922, 101 S. Ct. 3159, 69 L. Ed. 2d 1005 (1981).

In the present case, the record indicates that the defendant did not offer any evidence of drug dependency, and thus the state did not have the burden of proving beyond a reasonable doubt that the defendant was not drug-dependent. For this reason, the defendant's claim that his substantive right of due process was prejudiced is without merit.

Because the defendant had adequate notice of the charge against him and the amendment did not prejudice his substantive rights, we conclude that the trial court did not err in granting the state permission to file an amended information after the defendant had rested and immediately prior to closing arguments.

## II

The defendant's second claim is that the prosecutor abused his discretion when he charged the defendant with a violation of § 21a-278 (b). The defendant advances several reasons for this claim, none of which has merit.

At the outset, it should be noted that this court may review only those issues that are properly raised and ruled on by the trial court. See *State* v. *Riggs,* 7 Conn. App. 180, 184, 508 A.2d 67, cert. denied, 200 Conn. 804, 510 A.2d 191, cert. denied, 479 U.S. 852, 107 S. Ct. 183, 93 L. Ed. 2d 118 (1986). "In general, a claim of an abuse of prosecutorial discretion should be made by a motion to dismiss based upon the 'insufficiency of evidence or cause to justify the bringing or continuing of such information or indictment or the placing of the defendant on trial . . . .' Practice Book § 815 (5); see Spinella, Connecticut Criminal Procedure, pp. 604–605." *State* v. *Riggs,* supra.

In the present case, the defendant never made a formal objection to the charge of sale of narcotics by a person who is not drug-dependent. "Nevertheless, because the defendant's claim raises an issue of his constitutional right to due process, we shall review his claim to the extent that it is clearly established in the record." Id.

The defendant first contends that the prosecutor abused his discretion in charging the defendant with a violation of General Statutes § 21a-278 (b), sale of narcotics by a person who is not drug-dependent, just to obtain a harsher sentence, when he could have charged him with a violation of General Statutes § 21a-277 (b), sale of narcotics.

"The state has 'considerable latitude as to how and in what manner it shall proceed against an accused.' . . . The discretionary power of the state to select an appropriate charge is, of course, 'limited in the usual and lawful manner by the facts the prosecutor may be reasonably expected to prove at trial.' . . ." (Citations omitted.) *State* v. *O'Neill,* 200 Conn. 268, 280, 511 A.2d 321 (1986).

" 'A defendant has no constitutional right to elect which of two applicable statutes shall be the basis of his indictment and prosecution.' " Id., 280–81, quoting *Hutchinson* v. *United States,* 345 F.2d 964, 967 (D.C. Cir.), cert. denied, 382 U.S. 894, 86 S. Ct. 188, 15 L. Ed. 2d 151 (1965); see also *State* v. *Rado,* 14 Conn. App. 322, 330, 541 A.2d 124, cert. denied, 208 Conn. 813, 546 A.2d 282, cert. denied, 488 U.S. 927, 109 S. Ct. 311, 102 L. Ed. 2d 330 (1988) (prosecutor did not abuse his discretion when he charged the defendant with a violation of General Statutes § 53a-148 (a), a class D felony, instead of charging him with a violation of General Statutes § 53a-161 (b), a class A misdemeanor). The prosecutor in the present case did not abuse his discretion in choosing to proceed under a statute that imposed a greater punishment.

The defendant's next objection is that the prosecutor abused his discretion by charging a violation of § 21a-278 (b) because he lacked a good faith basis to believe that the defendant was not a drug-dependent person. This objection is also without merit. As our Supreme Court in *State* v. *Januszewski,* supra, 167, pointed out, "[a] defendant's drug dependency at the specific point of time in the past at which the offense occurred is certainly a matter personal to the defendant and peculiarly within his own knowledge." It is the defendant, and not the prosecutor, who bears the initial burden of proof on this issue. The prosecutor may otherwise presume that the defendant is not drug-

dependent and, therefore, should be prosecuted under § 21a-278 (b). Because the defendant's drug dependency is regarded as a matter peculiarly within his knowledge, unless the defendant presents evidence to the contrary, it is difficult to understand how a prosecutor would act in bad faith if he charges under § 21a-278 (b). The defendant in this case failed to present such evidence.

Finally, the defendant claims that the prosecutor abused his discretion by charging him with a violation of § 21a-278 (b) when the prosecutor had reason to believe that the defendant would not raise the issue of drug dependency at trial because the defendant could not himself testify due to his long criminal record, and because the one month delay between the alleged sale and the defendant's arrest made it difficult for the defendant to obtain medical evidence. This claim is also without merit.

The defendant's choice not to testify at trial was a matter solely of his own choice. The prosecutor cannot know whether the defendant will exercise his right not to testify. Further, the defendant could have presented evidence to the jury that he was drug-dependent through other witnesses and evidence. The one month delay between the alleged sale and the defendant's arrest did not prevent the defendant from bringing forth evidence that he was a drug-dependent person at the time of the sale. The prosecutor did not abuse his discretion by charging the defendant with a violation of § 21a-278 (b).

### III

The defendant's third claim is that § 21a-278 (b) creates an unconstitutional presumption that most people are not drug-dependent persons and violates his fifth amendment privilege against self-incrimination.

The defendant in *State* v. *Januszewski,* supra, unsuccessfully raised these identical two issues in his habeas action.[3] See *Januszewski* v. *Manson,* 525 F. Sup. 805, 811–12 (D. Conn. 1981). We are bound by the precedent outlined in *Januszewski* v. *Manson,* supra, and will not further entertain this claim.

There is no error.

In this opinion the other judges concurred.

---

[3] The defendant in *Januszewski* v. *Manson,* 525 F. Sup. 805, 811–12 (D. Conn. 1981), relying on *Tot* v. *United States,* 319 U.S. 463, 63 S. Ct. 1241, 87 L. Ed. 1519 (1943) and *Leary* v. *United States,* 395 U.S. 6, 89 S. Ct. 1532, 23 L. Ed. 2d 57 (1969), (1) contended that General Statutes (Rev. to 1981) §§ 19-480a (b) (now § 21a-278 [b]) and 19-474 (now § 21a-269) impermissibly utilize a presumption that most men are not dependent on drugs, and (2) contended that General Statutes (Rev. to 1981) § 19-480a (b) (now § 21a-278 [b]) forces the defendant to waive his privilege against self-incrimination.

In rejecting the first claim, the court stated that these sections "merely allocate the burden of production on an affirmative defense. They do not create a presumption requiring an inference of one fact from proof of another. Even accepting for the sake of argument the suggestion that these statements create a presumption of non-drug-dependency, such a presumption would be upheld under the 'more-likely-than-not' standard of *Leary* v. *United States.*" *Januszewski* v. *Manson,* supra, 811.

As to the second claim, the court stated, "[r]equiring a defendant to produce evidence is not equivalent to requiring him to testify. Other evidence of drug dependence could be presented in lieu of his own testimony." Id., 812.