[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS TO DISMISS AND RETURN
Defendant stands charged with the crimes of possession of cocaine with intent to sell in violation of General Statutes § 21a-278 (a) and conspiracy to commit the same in violation of § 53a-48 and § 21a-278 (a). Under the provisions of Practice Book § 815(1) defendant has moved to dismiss. Defendant has also moved to reopen and deny application of transfer from the Juvenile Court and to return the case to the jurisdiction of that court.
For reasons hereinafter stated the motions are denied.
The facts underlying defendant's motion do not appear to be in dispute. Such facts indicate that on August 30, 1996, defendant was arrested, together with other adults, on the above-noted charges.
At the time of the arrest, defendant was fourteen years of CT Page 6709 age. The matter first came to the Superior Court for Juvenile Matters where the prosecutor filed a motion for transfer under the provisions of Public Act 96-225 § 13(b). On September 18, 1996, the court (Potter, J.) in an ex parte proceeding reviewed the affidavits on file, and after finding probable cause that defendant committed the unclassified felonies charged, transferred the matter to this court where it is now pending.
On November 12, 1996, defendant filed the motion to dismiss and ancillary motions. The motion to dismiss is based upon a claim that the statute which authorized the transfer,Public Act 95-225 § 13(b) is unconstitutional on its face.
The section of Public Act 95-225 § 13 challenged by defendant provides:
 (b) Upon motion of a juvenile prosecutor and approval by the court, the case of any child charged with the commission of a class C or D felony or any unclassified felony shall be transferred from the docket for juvenile matters to the regular criminal docket of the Superior Court, provided such offense was committed after such child attained the age of fourteen years and the court finds ex parte that there is probable cause to believe the child has committed the act for which he is charged. The file of any case so transferred shall remain sealed until such time as the court sitting for the regular criminal docket accepts such transfer. The court sitting for the regular criminal docket may return any such case to the docket for juvenile matters for proceedings in accordance with the provisions of this chapter. The child shall be arraigned in the regular criminal docket of the Superior Court at the next court date following such transfer.
The motions to dismiss set forth five separate claims of constitutional infirmity. In her brief, defendant attacks the statute with three specific arguments. Defendant claims that the statute violates her constitutional right to due process and that the statute violates her right to equal protection and the CT Page 6710 related due process doctrine of void for vagueness.
It should be noted that similar claims were raised in two prior juvenile transfer cases under the automatic provisions ofPublic Act 95-225 § 13(a). In both cases, the motions were denied. State v. Joshua S., Docket No. CR10-230166; State v.Keith N., Docket No. CR21-65192. Defendant claims that her situation differs from the above cases since subsection (b) of the act allows some discretion.
 A. Whether or not Public Act 95-225 § 13(b) ViolatesDefendant's Constitutional Right to Due Process.
At the outset it should be noted that "(a) party contesting a statute's constitutionality has a heavy burden to prove unconstitutionality beyond a reasonable doubt." In re Ralph M.,211 Conn. 289, 318 (1989). It is also significant to note that there is no constitutional right to be treated as a juvenile. Status as a juvenile is established by statute and is not due to any inherent or constitutional right. State v. Anonymous,173 Conn. 414 (1977).
As in State v. Joshua S., supra, and Keith N., supra, defendant relies to a large extent on Kent v. U.S., 383 U.S. 541
(1966). Reliance on Kent is misplaced. That decision was based upon the trial court's failure to follow the Juvenile Court Act of the District of Columbia and a Policy Memorandum defining the full investigation required by the Act. The statute in question here does not provide for or mandate any such hearing.
The procedure set up under Public Act 95-225 § 13(b) is quite similar to the procedure used in transferring cases from Part B to Part A of the Superior Court. For example, if the sixteen-year-old defendant in Kent had been arrested in Connecticut, the Part B judge would have reviewed the affidavits and, if probable cause was established, he could transfer the case to Part A. The Part A judge, if he felt that the offense charged lacked sufficient gravity, could return the matter to Part B. The state's attorney would also have discretion with respect to the crimes charged. No hearing would be required and no constitutional rights would be involved.
Defendant also relies on cases decided under the old statute. CT Page 6711 The new Juvenile Justice Act, of which § 13(b) is a part, replaced the old transfer procedure. The cases cited are not applicable under the new law.
It has not been established that Public Act 95-225 § 13 (b) violates defendant's rights under the state or federal constitutions as claimed.
 B. Whether or not Public Act 95-225 § 13(b) ViolatesDefendant's State and Federal Constitutional Rights to EqualProtection.
Quoting State v. Campbell, 224 Conn. 168, 185 (1992), defendant states that "[t]he Equal Protection Clause of theFourteenth Amendment commands that no state shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." Defendant claims thatPublic Act 95-225 § 13(b) lacks standards and fails to employ the judicial authority in its traditional role of checking the state's exercise of standardless discretion and thus violates the guarantees of equal protection and related due process.
It is defendant's position that where, as here, a statute does not touch upon a fundamental right or suspect class, its classification needs to be rationally related to some government purpose to withstand the equal protection challenge. HarborInsurance Co. v. Groppo, 208 Conn. 508, 510 (1988).
Under this rational basis test, the function of the Court is to decide whether the purpose is legitimate and whether the law is designed to accomplish that in a fair and reasonable way. Defendant adds that the legislature does not have an unlimited power to create classifications and asserts that the classifications selected cannot be arbitrary but must rest upon some ground of difference having a fair and substantial relation to the object of legislation. The asserted goal cannot be so attenuated as to render the distinction arbitrary or irrational.City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439
(1985).
Public Act 95-225 § 13(b) provides that the prosecuting authority should exercise certain discretion. As a general rule, CT Page 6712 the state's attorney has broad discretion in carrying out the duties of that office in the prosecution of individuals charged with crimes. State v. Riggs, 7 Conn. App. 180, 185 (1986). It has been held that "[p]rosecutors have enormous discretion in deciding which citizens should be prosecuted and what charges they are to be held accountable." Massameno v. StatewideGrievance Committee, 234 Conn. 539, 575 (1995). Wide discretion is allowed prosecutors in charging an individual with crimes which result in the prosecution of that individual as an adult rather than a juvenile. United States v. Bland, 472 F.2d 1329,1335 (1973).
In the absence of deliberate discretion based on "race, religion and other arbitrary classifications," the exercise of prosecutorial discretion does not violate the constitutional guarantee of due process. Blond, supra, 1336. Here, the statute itself does not establish any prohibited arbitrary classification. The statute provides for a rational exercise of prosecutorial discretion.
The statute here differs from the law in Lamb v. Brown,456 F.2d 18 (1972). In that case, the statute classified juveniles who should be treated as adults by gender. Finding no logical justification for such discrimination, the statute was found to violate due process. In the present case, there is no such irrational classification.
 C. Whether or not Public Act 95-225 § 13(b) is Void forVagueness.
The void for vagueness doctrine embodies two central precepts: "The right to fair warning of the effect of a governing statute as regulation and the guarantee against standardless law enforcement." State v. Schriver, 207 Conn. 456, 460 (1988). "A vague law impermissibly delegates basic policy matters to policemen, judges and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application." State v. Schriver, supra.
As previously noted, Public Act 95-225 § 13(b) provides for a reasonable exercise of judicial and prosecutorial discretion. There is no impermissible delegation of basis policy which would foster arbitrary or discriminatory applications. The CT Page 6713 act envisions the reasonable exercise of discretion which prosecutors and courts exercise on a daily basis in carrying out their normal functions.
 D.
Defendant has set forth similar statutes from other jurisdictions which have been invalidated. These statutes differ from the law in question here and do not allow an inference that Public Act 225 § 13(b) suffers from the same infirmities.
Accordingly, the motion to dismiss and other motions are denied.
Purtill, J. CT Page 6714
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 6715
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 6716
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 6717
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 6718
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 6719
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 6720